## GRANT *v.* STRONG.

A builder's lien held not to have attached where a builder took a real security for payment of the work which he was to do, and afterwards, the work being all done, gave it up and took a mere note.

APPEAL from the Supreme Court of the District of Columbia.

Strong filed a bill in equity in the court below against Grant to establish a mechanic's lien for the sum of $1547. There was no denial that work was done, nor that it was of the value alleged, nor that it was of that character for which liens are allowed by the laws of the District.

The question was whether, under all the circumstances of the case, such a lien ever attached.

The material facts were these:

On the 14th day of October, 1869, the parties made an agreement that Strong should do the brickwork on sixteen houses which Grant was building. The price of the work per thousand bricks was agreed upon, and that Strong should take one of the houses in payment for his work, the price of which was also fixed; and this contract was reduced to writing. A conveyance was made by Grant of the lot which Strong was to have, and the deed duly acknowledged and recorded and placed in the hands of Enoch Totten, as an escrow, to be delivered to Strong when the work was completed. During the progress of the work dissatisfaction arose between the parties after the larger part of it had been done, and on the 27th of November, a new written contract was made. This, after reciting the former agreement, says that it is agreed that Strong shall finish all the brickwork up to the first floor joists without delay. The price was changed, but the old agreement was referred to for the mode of measurement. It is then said that the same is to be paid for in Grant's negotiable note, payable within three months from the date of the completion of the work, and then the agreement of October 14th shall be cancelled and declared

null and void, and of no effect, and the escrow in the hands of Totten be delivered up to Grant, otherwise said agreement to remain in full force and effect.

Another paper, signed by both parties, dated January 1st, 1870, recites the former agreements, and that the work had been finished and measured, and that Grant had given his promissory note for the amount, according to the contract of November 27th; and that, therefore, the escrow in Totten's hands is declared null and void, and is to be delivered to Grant by Totten.

A good deal of evidence was found in the record as to what was said and done by the parties in the matter, and the court below decreed that a lien existed. From that decree this appeal was taken.

*Messrs. W. A. Meloy and F. Miller, for the appellant,* referred to *Barrows* v. *Baughman,** *Haley* v. *Prosser,†* and numerous other cases, to show that a builder's lien cannot exist where the agreement provides for another sort of security.

*Mr. W. A. Cook, contra,* cited *The Kimball,‡* and many cases, arguing from them, and on principle, that a lien is never extinguished by a mere note, except on the plainest evidence of an intention to extinguish it; but on the contrary, when a lien clearly exists, that a note is always regarded as but cumulative.

Mr. Justice MILLER delivered the opinion of the court.

We have much argument in the case as to the effect of the note as a negotiable security operating as a release of the mechanic's lien. We think this has but little pertinency to the case. We admit that when a lien has once attached, the taking of such a note does not of itself operate as a release. The question whether a lien is obtained, or is displaced when it once attaches, is largely a matter of intention to be inferred from the acts of the parties and all the surrounding

---

* 9 Michigan, 213.      † 8 Watts & Sergeant, 183.      ‡ 3 Wallace, 37.

circumstances. In the case before us, much conflicting testimony as to what was said and done by the parties, is found in the record. We need not consider this, for in our view the decision of the case must rest on the written agreements we have mentioned, and from them we are forced to the conclusion that the appellee always relied wholly upon other security than a mechanic's lien for his pay, which he deemed sufficient, and which he voluntarily agreed to surrender.

It is very clear that under the first contract, the one under which the larger part of the work was done, he was to take his pay, not in money, but in the lot on which one of the houses was built; and that to secure the completion by Grant of the sale when the work was done, the deed was made and placed in the hands of Totten. Under these circumstances no lien could accrue for the work on that, or on the other buildings. When the second contract of November 27th was made, Strong did not give up this security, but still retained and relied on it, and it was made a part of the new contract, that the escrow should remain in the hands of Totten, and should be in full force until the work was completed, measured, and the sum due on it paid by the promissory note of Grant. Now with this security in Totten's hands during all the time the work was going on, looked to and relied upon by Strong, how can it be said that Strong relied upon a mechanic's lien, or that Grant intended in addition to that deed for one lot to allow Strong to obtain a lien upon all the others? And so much reliance was placed on this escrow by Strong, that only after all was settled, the work measured and paid for, as the parties had stipulated by Grant's note, did Strong sign the order for the delivery to Grant of the deed. During this time all the facts repel the idea of a lien.

We do not think that the giving up of the escrow, and the taking of the note in its place, according to the terms of an agreement previously made, and which obviously did not look to a mechanic's lien as part of the transaction, would create a lien where none existed before.

In short, we are of opinion that these agreements show an

acceptance and reliance by Strong on another and very different security for the payment for his work, inconsistent with the idea of a mechanic's lien, and that no such lien ever attached in the case.

Decree reversed, with directions to

Dismiss the bill.

Mr. Justice SWAYNE dissenting.