# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

## NOONAN v. DELAWARE, L. & W. R. CO.

### (Circuit Court, S. D. New York. May 14, 1895.)

1. UNITED STATES COURTS—JURISDICTION—DEMURRER.

 A citizen of New Jersey sued a citizen of Pennsylvania in a federal court in New York. The defendant appeared generally, and demurred for want of jurisdiction. *Held*, that the objection that the action was brought in the wrong district was waived by the appearance, and was not raised by the demurrer.

2. PLEADING—ACTION ON STATE STATUTE.

 The action was founded on a statute of New Jersey, which was not pleaded. *Held* that, as the courts of the United States take judicial notice of the laws of the several states, the right could, nevertheless, be enforced by the federal court in New York.

This was an action by John Joseph Noonan, as administrator of James A. Noonan, against the Delaware, Lackawanna & Western Railroad Company, to recover damages for the death of his intestate. Defendant demurred to the complaint for want of jurisdiction, and also on the ground that the complaint did not state facts sufficient to constitute a cause of action.

A. G. Vanderpoel, for plaintiff.

Hammond Odell, for defendant.

WHEELER, District Judge. The plaintiff is a citizen of New Jersey, suing as administrator, appointed in New York, for the death of his intestate in New Jersey; and the defendant is a citizen of Pennsylvania, having its principal office in New York. The personal, and not the represented, citizenship governs as to the place of bringing suit; and, under the act of 1888, this suit could properly be brought only in the district of New Jersey or a district of Pennsylvania. But it is between citizens of different states, and it could properly be brought in the circuit court of the United States for some district. The right to have it brought in such district could be waived, and would be by a general appearance in it, if brought in some other district and making defense. Ex parte

Schollenberger, 96 U. S. 369; Bank v. Morgan, 132 U. S. 141, 10 Sup. Ct. 37. The appearance here was general, accompanied by a demand of service of all papers upon the attorney appearing. The irregularity as to place was thereby waived. The demurrer raises the general question of the jurisdiction of the court over the subject-matter of the suit, but not that of this irregularity. That no law of New Jersey is alleged giving such an action is set down as ground of demurrer; but that the courts of the United States take judicial notice of the laws of the several states which they are called upon to administer is well settled. This right of recovery can be enforced here. Dennick v. Railroad Co., 103 U. S. 11. The statute gives the action to the administrator for the benefit of the widow and next of kin, with damages with reference to the pecuniary injury resulting to them; and this complaint alleges damages to the next of kin, which seems to be sufficient. Demurrer overruled.