# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### PULLMAN'S PALACE-CAR CO. v. CENTRAL TRANSP. CO.

(Circuit Court of Appeals, Third Circuit. October 1, 1897.)

#### No. 37.

CONCURRENT APPEALS TO SUPREME COURT AND TO CIRCUIT COURT OF APPEALS.

Where an appeal is taken to the supreme court direct, on the ground that the case involves the construction or application of the constitution of the United States, and an appeal is also taken to the circuit court of appeals, the latter court will stay its hand until the appeal in the supreme court is disposed of, and will not in the meantime certify to the supreme court the question whether it has jurisdiction to hear and determine the cause.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

This was a bill in equity by the Pullman's Palace-Car Company against the Central Transportation Company. In the circuit court a decree was rendered in favor of the latter company on a cross bill, and the cause referred to a master to ascertain the value of the property in question. 65 Fed. 158. On the coming in of the master's report, the circuit court approved his findings and conclusions of law, and decreed accordingly. 72 Fed. 211. From this decree the Pullman's Palace-Car Company took an appeal to the supreme court under the fifth section of the judiciary act of March 3, 1891, on the ground that the case involved the construction or application of the constitution of the United States; and it subsequently took an appeal to this court also, under the sixth section of that act. Heretofore a motion was made to dismiss this appeal, on the ground that it was void because taken while the appeal to the supreme court was still pending and undetermined, which motion was denied. 76 Fed. 401. The appeal to the supreme court is still undetermined, and a motion is now made that this court certify to the supreme court the question whether this court has jurisdiction to hear and determine the cause.

Joseph H. Choate and Edward S. Isham, for the motion.
Frank P. Prichard, opposed.

Before SHIRAS, Circuit Justice, and KIRKPATRICK, District Judge.

83 F.—1

SHIRAS, Circuit Justice.   This is a motion asking us to certify to the supreme court the question whether this court has jurisdiction to hear and determine the cause.   Upon a former occasion we felt constrained to refrain from passing on the merits of the case while it was pending on an appeal to that court.   76 Fed. 401.   Nor do we now perceive that any useful result would be promoted by granting the present motion.   Until the supreme court shall have determined the questions there pending, on the appeal and on the motion to dismiss the appeal, this court thinks it would not be proper to deal with the case on its merits, and it may be that the action of the supreme court may relieve this court from any further duty in the case.