BAUMHOFF v. ST. LOUIS AND KIRKWOOD RAILROAD COMPANY et al., Appellants.

### Division One, December 24, 1902.

1. **Court Sitting As Jury:** FINDINGS. In an action at law the findings of the court sitting as a jury are as conclusive on appeal as would be a verdict of a jury.

2. ———: NO INSTRUCTIONS. In actions at law, tried by the court sitting as a jury, declarations of law are on appeal important only as indicating the theory on which the case was tried.

3. **Mechanic's Lien:** WAIVER BY AGREEMENT. A mechanic does not waive his statutory lien by an agreement to accept other things than money in payment for the work done or material furnished unless that agreement is performed by making payment in the terms of the contract.

4. ———: ———: PAYMENT BY STOCK AND BONDS. In a contract for the construction of an electric railroad, the contractor agreed to receive in full payment for such work $250,000 in bonds of the railway company, payable twenty years after date, secured by a first mortgage on all the property and franchises of the company, $25,000 in paid-up capital stock, and $5,000 cash to be paid out of a fund subscribed as a bonus for the completion of the road. *Held*, that he did not, by the mere agreement to accept the securities in payment, waive his mechanic's lien for so much of the work as was not paid for in the manner specified in the contract. The inchoate lien was discharged in so far only as payment was made in the terms agreed upon.

5. ———: ITEMIZING ACCOUNT: EXCESSIVE. Where the account filed contained an itemized statement of the work done, materials furnished and prices charged, aggregating $280,000—the lump sum the contractor was to be paid for the work under the contract—with a further statement that in part payment defendant had paid him $250,000 in bonds according to the terms of the contract, the account will not be held to be insufficiently itemized, nor excessive because it failed to strike a balance showing $30,000 to be yet due, if it is further apparent that that was the amount claimed as due.

6. ———: LIEN FOR BONUS MONEY: IN HANDS OF TRUSTEE. Where the contract was that the contractor was to be in part paid out of a bonus subscribed to a railway company, and the evidence shows that

the bonus has been collected and is in the hands of a trust company, which has been notified by the defendant railway not to pay it to plaintiff, he is entitled to a mechanic's lien on the railroad's property so constructed by him, although he may also sue the trust company and recover the amount from it.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,* Judge.

AFFIRMED.

*A. N. Edwards, Dawson & Garvin* and *Leonard Wilcox* for appellants; *G. A. Finkelnburg* of counsel.

(1) The petition states no cause of action. It states no facts showing any failure on the part of defendant to perform the contract on its part; nor any facts showing that the notice alleged to have been given to the trust company by defendant prevented plaintiff from receiving from the trust company either the shares of stock or $5,000 of the proceeds collected from the bonus subscriptions, particularly the latter. It was, therefore, error to render judgment for plaintiff. Railroad v. Atkinson, 17 Mo. App. 492; School Dist. v. Sheidley, 138 Mo. 688; Sand & Gravel Co. v. Construction Co., 138 Mo. 445. (2) Plaintiff was not entitled to a judgment for a lien. (a) The contract itself and the evidence show that the right, if any, to a lien was waived. Phillips, Mech. Liens, secs. 279, 280; Gorman v. Sawyer, 22 Mo. 137; Boisot on Liens, sec. 717; Weaver v. Denut, 40 N. J. 238; Barrows v. Boughman, 9 Mich. 213. (b) Plaintiff did not perform his contract, and this is an action on the contract. (c) If the right to a lien was not waived, yet it was lost: *first,* by filing a claim for an excessive amount; *second,* by filing an account which was not "a just and true account of the amount due after all just credits have been given," and which showed that plaintiff claimed a cash sum when, in fact, he had agreed to take specific property; *third,* by filing an account which was not properly itemized. Kling

v. Railroad, 7 Mo. App. 410; Hoffman v. Walton, 36 Mo. 613; R. S. 1889, sec. 6743. (d) No breach of contract on part of the Kirkwood company was alleged. (3) This was an action on the contract and not on *quantum meruit,* and plaintiff failed to perform his contract and therefore can not recover. Eyerman v. Cemetery, 61 Mo. 489; Yeats v. Ballentine, 65 Mo. App. 30; Austin v. Keating, 21 Mo. App. 30. (4) Defendants' motions for new trial should have been sustained. (5) The statute did not give the right to a lien on the power-house. R. S. 1889, secs. 6741, 6742; Bethune v. Railroad, 149 Mo. 604.

*John H. Overall* and *Boyle, Priest & Lehmann* for respondent.

(1) Taking the bonds of the company in part payment for work was not a waiver of the right to a mechanic's lien for the balance. Bristol Co. v. Bristol Co., 42 S. W. 19; Jones on Liens, sec. 1524. (2) As the mechanic's lien filed stated the facts with respect to the bonds, namely, that they had been delivered, but the delivery was claimed to be illegal, the claim in the lien was not excessive. (3) The railroad company can not complain of the failure to complete the road within the time specified in the contract, because the delay was due to its own fault. (4) The overwhelming weight of testimony is that the contract had been fully performed and the work thereunder done in entire accordance with the plans and specifications. (5) The refusal by the trust company to deliver the stock and pay the $5,000 cash due to the plaintiff, having been brought about by the acts of the defendants in notifying the trust company not to make such delivery and such payment, plaintiff had the right to proceed against the defendants, and by way of enforcement of his right to a lien. (6) There was no merit in the counterclaim of the Highlands Scenic Railroad Company, and that was properly dismissed.

BRACE, P. J.—This is an action by plaintiff, George W. Baumhoff, against the St. Louis & Kirkwood Railroad Company, to recover a balance alleged to be due plaintiff under a contract for the construction of an electric railway from the city of St. Louis to Meramec Highlands in the county of St. Louis, and to enforce a lien therefor under the provision of article 4, chapter 102, Revised Statutes 1889, article 4, chapter 47, Revised Statutes 1899, to which the Highlands Scenic Railroad Company and the St. Louis Trust Company were made parties defendants. The case was dismissed as to the trust company, and judgment therein rendered against the St. Louis and Kirkwood Railroad Company and the Highlands Scenic Railroad Company as follows (omitting caption):

"October 16, 1899.
"Now on this day this cause came on to be heard on motion of the St. Louis & Kirkwood Railroad Company for judgment by default against the St. Louis Trust Company, and the same having been considered, is by the court overruled, and the order of the court heretofore made herein, dismissing this cause as to the St. Louis Trust Company, is hereby confirmed.

"And now on this day this cause came on further to be heard upon the issues joined between the parties, and the parties waived a jury and submitted the cause to the court upon the pleadings and the evidence adduced, and the court being fully advised, doth find the issues joined between the plaintiff and the defendants, the St. Louis & Kirkwood Railroad Company and the Highlands Scenic Railroad Company, in favor of the said plaintiff, and the court finds that the plaintiff, George W. Baumhoff, entered into a contract with the St. Louis & Kirkwood Railroad Company for the construction of an electric railway from the southwest corner of Forest Park, at the city limits of the city of St. Louis, in the southwestern direction to Meramec Highlands, all in the county of St. Louis and State of Missouri, and that he was to receive for the work of con-

structing said road the sum of two hundred and fifty thousand dollars in bonds of the St. Louis & Kirkwood Railroad Company, twenty-five thousand dollars in paid-up shares of the capital stock of the St. Louis & Kirkwood Railroad Company, and five thousand dollars to be paid out of certain subscriptions to the St. Louis & Kirkwood Railroad Company made to aid it in the construction of its said railway.

"The court finds that said plaintiff has fully complied with the said contract on his part, and has done and performed the work by him agreed to be done; that he has received the sum of two hundred and fifty thousand dollars in bonds of the St. Louis & Kirkwood Railroad Company, agreed to be paid to him under the said contract; that he is entitled to receive twenty-five thousand dollars in paid-up shares of the capital stock of the St. Louis & Kirkwood Railroad Company, and the further sum of five thousand dollars in cash, with interest on said cash sum from the — day of ——, A. D. 189—.

"The court further finds that the said shares of the capital stock of the St. Louis & Kirkwood Railroad Company are not shown, by the evidence submitted, to possess any pecuniary value.

"It is therefore ordered, considered and adjudged by the court that the plaintiff, George W. Baumhoff, do have and recover of the defendant, the St. Louis & Kirkwood Railroad Company, the said sum of five thousand eight hundred and ninety-seven dollars and fifty cents, and also his costs and charges in this behalf expended, and the court finds that the said plaintiff, George W. Baumhoff, is entitled to a mechanic's lien against the property of the St. Louis & Kirkwood Railroad Company described in his amended petition herein, and that the said sum aforesaid be levied out of the property of the said St. Louis & Kirkwood Railroad Company charged with the lien of the plaintiff and described as follows, to-wit:"

(Here follows description of property.)

"The court finds the issues joined between the plaintiff and the defendants on the counterclaim of the

St. Louis & Kirkwood Railroad Company, in favor of the said plaintiff; and the court doth, therefore, adjudge that the said defendant St. Louis & Kirkwood Railroad Company take nothing by its counterclaim, and that the plaintiff, Baumhoff, recover of the defendant, the St. Louis & Kirkwood Railroad Company, his costs in that behalf expended.

"And the court doth find the issues joined between the plaintiff and the defendant, the Highlands Scenic Railroad Company, on the counterclaim of the said Highlands Scenic Railroad Company in favor of the said plaintiff, and the court doth, therefore, order and adjudge that the said defendant, the Highlands Scenic Railroad Company, take nothing by its counterclaim, and that the plaintiff recover of the said defendant his costs in this behalf expended, and that execution issue accordingly."

From which judgment the said railroad companies appeal.

There is abundant evidence in the record to support the finding of the trial court, and as this is an action at law tried by the court sitting as a jury, whose finding upon the issues of fact is as conclusive on appeal as would be the verdict of a jury, it is unnecessary to summarize the evidence or comment upon it, and as in such cases the action of the court upon declarations of law is important only as indicating the theory on which the case was tried, it is likewise unnecessary to set out the declarations of law herein or to consider the objections thereto in detail. Hence, we come at once and directly to the material questions of law, raised by the record for determination.

(1) It is contended for defendants that plaintiff, by the contract under which he constructed the railroad, waived a lien under the statute for the work done and materials furnished in the performance of his part of said contract; in that he thereby agreed to receive in full payment and satisfaction therefor $250,000 in bonds of the St. Louis and Kirkwood Railroad Company, payable twenty years after date, secured by a first

mortgage on all the property of the company, real, personal and mixed, including its franchises, $25,000 of its capital stock, and $5,000 in cash to be paid out of a fund subscribed by citizens as a bonus for the completion of the road, and in support of this contention Gorman v. Sagner, 22 Mo. 137; Barrows v. Baughman, 9 Mich. 213; Weaver & Pennock v. Demuth, 40 N. J. 238; Grant v. Strong, 18 Wall. 623; Phillips on Mechanics' Liens, secs. 279-280; Boisot on Mechanics' Leins, 717, are cited.

In Gorman v. Sagner, 22 Mo. 137, it was held that "an acceptance by one having a mechanic's lien upon a building, of a deed of trust upon the same, to secure the payment, at a future day, of promissory notes given for the debt which gave rise to the lien, amounts to a waiver of the lien." In Grant v. Strong, 18 Wall. 623, it was held that a "builder's lien" did not attach where "a builder took real estate security for the payment of the work which he was to do, and afterwards, the work being all done, gave it up and took a mere note." In Phillips on Mechanics' Liens, sec. 279, it is said: "There is some contrariety of opinion as to how far the acceptance by the mechanic of independent security for the payment of the debt is a waiver by implication of the lien. Some courts regard such security as absolute extinguishment, when unexplained by evidence of the actual intention of the parties, in analogy to the waiver of a vendor's lien under similar circumstances; while others hold these securities to be prima facie only collateral, and not in any sense payment." And in section 280, it is said: "The acceptance, by one having a mechanic's lien upon a building, of a deed of trust upon the same property, to secure the payment at a future day of promissory notes given for the debt which gave rise to the lien, amounts to a waiver. . . . Taking a mortgage on the same property for the amount due is a waiver of the lien. . . . And where a materialman agrees to take a mortgage for the sum due, he can not refuse the mortgage and claim a lien."

In Boisot on Mechanics' Liens, section 717, it is

said: "A mortgage to the mechanic upon the very property subject to his lien can hardly be said to be collateral security; but it may be argued that taking it shows that the mechanic does not rely upon his lien, and has therefore waived it. The authorities on this point, however, are in a state of hopeless contradiction. All that can be said is that in some States such a mortgage is a waiver of the lien, and in others it is not."

In this case the plaintiff agreed to accept the securities mentioned, in payment for the construction of the road, and if the railroad company had performed its agreement, there can be no question that the statutory lien would not have attached, and in so far as it did perform its agreement, it may be conceded that the lien was waived, and to this extent these authorities are in point, but they do not sustain the contention that the lien was waived by the mere agreement to accept such securities in payment. Nor can there be found in the books authority for such contention except such as may be found in the other two cases cited, viz.: Barrows v. Baughman, 9 Mich. 213, and Weaver & Pennock v. Demuth, 40 N. J. 238, and there it will be found in the *dicta* and argument of the judges who wrote the opinions, rather than in the adjudication upon the facts. In the recent case of Firth v. Rehfeldt, 30 App. Div. Rep. 326, approved by the New York Court of Appeals, 164 N. Y. 588, these cases are reviewed and the doctrine they are supposed to maintain on this subject repudiated in that State, and a few extracts from the authorities will show how utterly out of harmony this contention is with the generally accepted law on the subject. In Boisot, sec. 716, it is said: "It seems that, while a mechanic's lien may be lost by accepting a contract for a security inconsistent with the existence of lien, such waiver is only conditioned upon the performance of the contract. Thus, a provision in the building contract that the owner shall give the contractor notes secured by mortgage would not waive the lien if the notes and mortgage were not given." The only cases cited *contra*

are Barrows v. Baughman, and Weaver & Pennock v. Demuth, supra.

In Phillips on Mechanics' Liens, sec. 285, it is said: "Whatever diversity of authority may exist as to the effect of giving a note, or independent security of a third person, or by mortgage, or extension of credit beyond the period in which a lien may be filed, all the cases agree that there will be no waiver when the agreement to give the note or other security has not been performed by the promisor. It would be going too far to say that the builder must have intended to waive the lien in the event of the refusal to comply with the agreement. The contrary proposition comes down to that. There is certainly much justice in saying that, on the debtor's refusal to keep the agreement, the builder ought also not to be bound by it, but should be remitted to his rights independently of the contract." In Globe Light & Heat Co. v. Doud, 47 Mo. App. l. c. 446, the doctrine thus announced by this author is quoted, approved and made the basis of its ruling by the Kansas City Court of Appeals.

In 2 Jones on Liens, sec. 1524, it is said: "An agreement to receive a conveyance or mortgage of real estate as part payment is a waiver of the lien only so far as the payment goes. It is not a waiver of lien as to the residue not paid, any more than the acceptance of money as part payment would be. An agreement to take a mortgage upon the same property in part payment for materials furnished for a house is a waiver of a right of lien for such part, if the mortgage is duly tendered; but it is no waiver of a lien for the balance of the lien claim."

Such is the purport of the cases, many of which are cited by these authors, and to which many others might be added, among which we cite the following: McMurray v. Brown, 91 U. S. 257; Railroad v. Union Rolling Mill Co., 109 U. S. 702; Removal Cases, 100 U. S. l. c. 477; Van Stone v. Stillwell & Bierce Man. Co., 142 U. S. 128; Reynolds v. Manhattan Trust Co., 83 Fed. 593; Central Trust Co. v. Railroad, 68 Fed. 90; Bristol-

Goodson Electric Light & Power Co. v. Bristol Gas E. L. & P. Co. (Tenn.), 42 S. W. 19; Bayard v. McGraw (Ill.), 1 Bradwell, 134; Gardner v. Hall, 29 Ill. 277; Reiley v. Ward (Iowa), 4 G. Greene 21.

The general tenor of all the cases may be illustrated by a few brief extracts from the opinions in some of them, which in this connection may not be out of place.

In McMurray v. Brown, 91 U. S. l. c. 266, it is said: "If the labor has been performed or the materials furnished, no matter in what the owner agreed to pay, if he has not paid in any way, the laborer or mechanic has a right to resort to the security provided by the law, unless the rights of third persons intervene before he gives the required notice."

In Central Trust Co. v. Railroad, 68 Fed. l. c. 94, 95, it is said: "It is well settled that though the owner obligate himself to give a security inconsistent with the intention that a mechanic's lien should exist, or where the contract is to pay in land, or other specific article of property, yet if the owner fail to fulfill the agreement for such mode of payment, or for different security, it will not be taken as an agreement to waive the mechanic's lien in case payment is not made in the manner provided for, or the security is not given according to the obligation of the owner. Grant v. Strong, 18 Wall. 623; Reiley v. Ward, 4 G. Greene 22; McMurray v. Brown, 91 U. S. 257. . . . The lien, under such statutes, has been uniformly held to begin with the delivery of materials, or the beginning of the work. It is not a lien originating in a contract for a lien, but arises out of the statute, independent of any agreement for a lien, and is based upon the equity of paying for work done or materials furnished. It is an incipient or inchoate lien until it is completed or perfected by compliance with the statute, and is lost utterly if those acts be not done, required for its completion, within the time and in the manner required by the statute. Thus, although the contract company had a contract for payment in such securities, which, when accepted, would be in-

Vol 171, mo—9.

consistent with the retention of a statutory lien, yet it had an inchoate lien from the time it began work or the delivery of material, which inchoate lien was only waived when the owner complied with his agreement, and gave the security, or made the payment contracted for.''

In Reynolds v. Manhattan Trust Co., 83 Fed. l. c. 601, it is said: ''If the promise of the improvement company had been performed, if the bonds and certificate for the stock had been delivered, the lien would undoubtedly have been discharged. But the proposition is now too well settled to admit of discussion that an agreement to pay the debt secured by a mechanic's lien by the note of the promisor, or by the bond, note, mortgage, or other obligation of a third person, will effect no waiver of the lien when that agreement has never been performed. If the contractor has bestowed his labor and material upon the improvement until he has completely performed his agreement, the lien exists; and, if the owner has not paid for the work or material in any way, it is immaterial in what way he promised to pay, and the laborer or materialman may avail himself of the security which the statute creates'' (citing cases).

So in this case, in consonance with these established principles, the plaintiff's inchoate statutory lien commenced with his work on the railroad, was consummated when he completed the work in accordance with the terms of the contract, *was not waived* by the contract, by which he agreed to take the bonds, stock and money therein mentioned, in payment for the work to be done and materials furnished in pursuance thereof, could have been fully discharged by payment as therein provided, and was discharged in so far as payment was made in accordance with the terms of the contract. But in so far as it was not so discharged, it continued for the balance remaining unpaid, and the trial court was right in so holding.

(2)   It is next contended that if the right to a lien was not waived, yet it was lost by filing an account not

properly itemized, for an excessive amount, and failing
to show the amount due after all just credits had been
given.

The account filed contained an itemized statement
of the work done, materials furnished and prices
charged, aggregating the sum of $280,000, which was
the lump sum the plaintiff was to be paid therefor under
the contract, with a further statement that "the St.
Louis Trust Company, under the terms of the contract
before mentioned, delivered to the claimant $250,000 of
its first-mortgage bonds, which bonds so delivered, the
St. Louis & Kirkwood Railroad Company claims was
illegal." The account was sufficiently itemized (Grace
v. Nesbitt, 109 Mo. l. c. 19, and cases cited), and while
its grammatical construction is subject to criticism, and
a balance was not formally struck, it is perfectly ap-
parent that the amount claimed as justly due was $30,-
000. And this was precisely the state of the account.
It was a just and true account, and none the less so
because under the contract that amount could have been
·paid with $25,000 in stock of the company and $5,000 in
cash, out of the moneys raised by subscription as a
bonus for the completion of the road, but which the·com-
pany refused to so pay. This being so, the claim was not
excessive, there was no basis of fact for the counterclaim
set up by the Highlands Scenic Railroad Company,
even if such a claim could have had any place in the
action ; and the court did not err in holding that plain-
tiff's lien for this thirty thousand dollars was not lost,
nor in rendering judgment against said last-mentioned
company on its counterclaim. Nor in rendering judg-
ment against the St. Louis and Kirkwood Railroad Com-
pany for said sum of $5,000 and interest, and enforcing
plaintiff's lien therefor. It is true, that sum was in the
hands of the trust company. The plaintiff had a right
to it, and the trust company may have been willing to
pay it to him. But the trust company did not do it, and
did not do it because the defendant railroad company
notified it not to do so; for it, the plaintiff had a lien
upon the railroad, which could have been discharged by

its payment, but it was not paid because the defendant railroad company refused to have it so paid.    The plaintiff's lien therefore remained, and he had a right to have it foreclosed.    The fact that he may have had a right of action against the trust company therefor, was no reason why he should have been forced to abandon his lien, and resort to such action.    While he was entitled to but one satisfaction, he might have several remedies.    The judgment of the circuit court ought to be affirmed and it is so ordered.    All concur.