Timothy W. HOLLAND, Appellant,

v.

TANDEM COMPUTERS INCORPORATED, a Delaware Corporation, Appellee.

No. 94–2090.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 25, 1995.

Decided Feb. 27, 1995.

Rehearing Denied April 5, 1995.

Burton W. Newman, Clayton, MO, argued (Burton W. Newman and Barry S. Ginsburg on the brief), for appellant.

Thomas M. Hanna, Stanley G. Schroeder and James N. Foster, Jr., St. Louis, MO, for appellee.

Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.

PER CURIAM.

Timothy W. Holland appeals from the district court's[1] grant of judgment as a matter of law in favor of Tandem Computers, Incorporated (Tandem) in this diversity action. We affirm.

Following termination from his position as national sales manager for Tandem, Holland filed this complaint asserting that he had not been paid the reasonable value of his services for negotiating a multi-year contract, consummated shortly before his termination, for the sale of computer-related services. He sought recovery only on the basis of quantum meruit and unjust enrichment. Tandem answered that Holland, an at-will employee, had been paid all sums due under the parties' express, written compensation agreement. The case was tried to a jury and, at the close of Holland's evidence, the district court granted Tandem's motion for judgment as a matter of law.

We review de novo a district court's decision to grant judgment as a matter of law, *Medtronic, Inc. v. ConvaCare, Inc.*, 17 F.3d 252, 255 (8th Cir.1994), and affirm if, viewing the evidence in the light most favorable to the nonmovant and affording it all reasonable inferences therefrom, the evidence presented was insufficient to support a jury verdict in the nonmovant's favor. *Abbott v. City of Crocker*, 30 F.3d 994, 997 (8th Cir.1994). We review de novo the district court's interpretation of state law. *Paul v. Farmland Indus., Inc.*, 37 F.3d 1274, 1277 (8th Cir.1994).

Under Missouri law, recovery in quantum meruit is ordinarily limited to the agreed-upon price for the goods or services. *See, e.g., Bash v. B.C. Constr. Co., Inc.*, 780 S.W.2d 697, 698 (Mo.Ct.App.1989) (general

---

1. The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

rule). In general, a person employed to solicit sales orders on a commission basis is entitled to commissions when an order is accepted by that person's employer, but this rule may be altered by a written agreement between the parties. *Slusher v. Mid-America Broadcasting, Inc.*, 811 S.W.2d 443, 444–47 (Mo.Ct.App.1991) (distinguishing contract for sale of goods in one discrete transaction from contract requiring continuing services over time; contract was of latter type, and compensation agreement unambiguously provided plaintiff was not entitled to commissions on amounts received after discharge). The district court correctly concluded that the compensation agreement unambiguously provided that Holland would be paid no commissions after his termination. *See Simpson v. Maxon Sys., Inc.*, 886 S.W.2d 92, 93–94 (Mo.Ct.App.1994).

■ Missouri does not limit quantum meruit recovery to the contract price if one party was prevented from substantially completing performance by another party's breach, or the parties abandoned the contract. *Oliver L. Taetz, Inc. v. Groff*, 363 Mo. 825, 253 S.W.2d 824, 828–29 (1953) (party's breach which prevents other party's performance creates exception to general rule); *cf. Fuhler v. Gohman & Levine Constr. Co.*, 346 Mo. 588, 142 S.W.2d 482, 484 (1940) (abandonment of contract creates exception to general rule further limiting recovery). We have reviewed the evidence Holland presented, and we agree with the district court that Holland did not show that he and Tandem abandoned the contract for his at-will employment, or that Tandem did not allow him to complete performance of his contract as an at-will employee. *See Clark v. Beverly Enterprises–Missouri, Inc.*, 872 S.W.2d 522, 525 (Mo.Ct.App.1994) (under Missouri law, at-will employee ordinarily may be terminated at any time with or without cause); *Slusher*, 811 S.W.2d at 447 (when contract allowed employer to discharge plaintiff at any time, terminating his status as commissioned salesperson, plaintiff could not argue employer's discharge prevented him from performing contract). Accordingly, even if Tandem terminated Holland's employment to avoid paying him commissions on revenue earned from the service contract, Holland's quantum meruit recovery could not exceed the amount provided in the unambiguous compensation agreement. Thus, we conclude Holland did not present sufficient evidence for the jury to find that he had not already been paid what he was due under the compensation agreement.

■ We also conclude that Holland failed to present sufficient evidence to prevail on an unjust enrichment claim. *See Petrie v. LeVan*, 799 S.W.2d 632, 635 (Mo.Ct.App.1990) (showing required to recover on theory of unjust enrichment). Tandem was not unjustly enriched, because it paid Holland what was owed him under the express terms of the unambiguous compensation agreement. *Cf. Int'l Paper Co. v. Futhey*, 788 S.W.2d 303, 306 (Mo.Ct.App.1990) (in construction case, landowners not unjustly enriched where they paid contract price for materials received); *cf. Slusher*, 811 S.W.2d at 443–47 (employee not entitled to recover commissions on revenues received by employer after discharge where employee had been paid contract price under unambiguous terms of compensation contract).

Accordingly, we affirm the judgment of the district court.