### W. H. POPE v. A. T. GRAHAM & Co.

1. MECHANICS' LIEN, RECORD OF.—It is not necessary that a written contract intended to secure a mechanics' lien should be authenticated before being recorded.

2. MECHANICS' LIEN—HOMESTEAD.—The lien of a mechanic for labor or materials in constructing a house or property occupied as a homestead cannot be defeated by the homestead exemption.

3. MECHANICS' LIEN.—A mechanics' lien for labor and materials in constructing a house, where the written contract for the building is recorded within six months after the debt becomes due, is not lost by the fact that subsequent to the registry of the contract the mechanic had received a negotiable note for a balance of the debt due, (which also recited the consideration to be for building and materials, and in terms reserved a lien,) which note was not recorded; in such case the note would only serve to show the balance due on the contract, leaving the lien still in force.

4. EVIDENCE.—When an instrument which has been recorded is in evidence the original record-book may be also used in evidence for the purpose of showing more definitely than would appear from a defective certificate of the clerk on the instrument, the fact of the record and its date.

5. LIEN, WAIVER OF.—Whether a lien is waived or not is generally a matter of intention; when it has once attached, the taking of a negotiable security for the debt does not of itself operate as a release of the lien.

APPEAL from Harrison.    Tried below before the Hon. M. D. Ector.

A. T. Graham & Co., on the 23d September, 1873, made an agreement in writing with W. H. Pope, in which they agreed to build a house for him.   The house was built in conformity with the contract, and on the 15th of July, 1874, Pope gave his note to Graham & Co. for a balance of $1,256 due on the contract, which bore a rate of interest different from the contract, but which on its face reserved a mechanics' lien.   No mechanics' lien was in terms specified on the face of the original agreement.   The debt for building was due, according to the building contract, about January 15, 1874, and that contract was recorded in the county in which the building was erected, June 6, 1874, and before the note was made.   The contract was recorded without acknowledgment of its execution.   An effort was made to defeat the enforcement of the mechanics' lien by interposing the homestead right of Pope's wife, who, it was claimed, was equitable owner of the ground on which the improvement was made, and who was not bound by the contract, but she was not a party to the present proceeding.   Judgment for A. T. Graham & Co., from which Pope appealed.

*James Turner*, for appellant, contended that the note superseded the written agreement first made, citing 10 Bush, (Ky. R.,) 54 ; Hilliard on Mortgages, ch. 44, sec. 13 ; 10 Ves., 280 ; 24 Tex., 240 ; 2 Story's Eq., 594–5–6 ; Nairn *v.* Prowse, 6 Ves., 752 ; 1 Mason, 212 ; 32 Tex., 627 ; 4 Shepherd, 158.

*W. S. Coleman & William Aubrey*, for appellees, to show that the lien was not lost by the execution of the note, cited Fonda *v.* Jones, 42 Miss. R., 792, (2 Am. R., 670;) Hughes *v.* Kearney, 1 Sch. & Lef., 132 ; Nairn *v.* Prowse, 6 Ves., 752 ; Mackreth *v.* Symmons, 15 Ves., 329 ; Garson *v.* Green, 1 Johns. Ch. R., 308 ; 4 Kent. Comm., Lect. 58, p. 151 ; 2 Story's Eq. Jur., sec. 1226, note 2 ; 21 Vt. R., 271 ; 6 B. Monr., 67 ; Id., 74.   A lien cannot be displaced but by

some act of the party holding it, which shall postpone him to a subsequent claimant.   (Parker v. Keeley, 10 S. & M., 184 ; 9 Miss., 67; 2 Blackf., 218; 2 Browne, 297 ; 9 Mart., (La.,) 562; 4 Mart., 11 ; 8 Mart., 422.)

Gould, Associate Justice.—The contract between appellees and appellant was recorded within six months after the debt growing out of it for materials and labor to erect the house became due ; and there can be no question that Graham & Co. had a mechanics' lien on the house erected under the contract, to secure the balance due under said contract in so far as it was competent for appellant Pope to give or create such a lien.   The homestead rights of Pope could not attach to the house so erected so as to defeat this lien.   (Constitution, art. 12, sec. 15 ; Potshuisky v. Krempkan, 26 T., 309.)

If the wife of Pope had any rights in the house by reason of her equitable ownership of the lot on which it was erected, or if her father had any such rights by reason of his legal ownership of said lot, they were neither of them parties to this suit·; their rights were not adjudicated, and will not be affected by the decree or the sale thereunder.   It is to be observed that the statute contemplates the enforcement of the mechanics' lien by the sale and removal of the house or other improvement, and to that extent seems to treat the house or other improvement rather as personal estate than as a part of the realty.   (Paschal's Dig., art. 7114.)   Be this as it may, the lien attached to all the rights of defendant Pope in the house, and the rights of no one else therein are before us for adjudication.

It is contended by appellant that the note sued on was a new contract, superseding and abrogating the original building contract, and that it amounted to a waiver of the lien under that contract.

Taking the note of the debtor for his debt does not ordinarily amount to payment or discharge of the indebted-

ness unless it is so expressed, or appears to have been so intended. (2 Pars. on Cont., 136 ; The Kimball, 3 Wall., 37 ; Grant *v.* Strong, 18 Wall., 623.)

When a lien has attached the taking of a negotiable security for the debt does not of itself operate as a release of the lien. (Grant *v.* Strong, 18 Wall., 623 ; Phillips on Mech. Lien, sec. 276, and references.)

Whether a lien is waived or not is "largely a matter of intention," and in this case the recitals of the note show affirmatively that the lien is not waived but is intended to be retained. The note served to show the balance due on the contract, and to fix the rate of interest on that balance, leaving the lien still in force. (Phillips on Mech. Lien, sec. 276, and references.)

This conclusion is in accordance with the current of authority in the analogous cases of mortgages and vendors' liens. (1 Hilliard on Mort., 484, ch. 24, pars. 61–2 ; Id., 307–8, ch. 16, pars. 4, 5, 6, 7.)

The question raised by the charges asked and the assignment of error, and discussed in appellant's brief, is as to the waiver or extinguishment of the lien as an entirety; and if it should be considered doubtful whether the lien extended to the additional interest, it is sufficient to say that no such question appears to have been made below or to be now properly before us.

The contract was properly admitted to record without proof or acknowledgment of its execution. (Paschal's Dig., art. 7112.) The statute does not appear to contemplate that such contracts shall be authenticated before being recorded.

It was made an exhibit to the amended petition, and there was no error in admitting it in evidence, nor was it error to allow the record book to be produced in evidence for the purpose of showing more definitely than appeared by the clerk's certificate on the original instrument the fact and the date of its record.

The assignment that the court erred in its charge is too general to require notice, and the other assignments of error have been substantially considered in what has already been said.

AFFIRMED.