NEWTON J. MARTIN v. GIDEON LEROY ROBERTS ET AL.

(Case No. 1811.)

1. MECHANIC'S LIEN — CONTRACTS EITHER VERBAL OR WRITTEN.— For the purposes of registration the statute divides contracts, out of which a mechanic's lien arises by law, into two classes — verbal and written.

2. WRITTEN CONTRACT — SIGNATURE OF.— A contract is written when all of its terms are in writing, and the instrument is orally accepted by both parties, though signed only by one.

3. SAME — BOND.— A bond embodying all the terms of the contract, and conditioned for its faithful performance on the part of the mechanic, signed only by him and his sureties, but accepted and acted on by both parties, is a written contract, and if duly recorded, fixes the mechanic's lien.

4. RECORD OF CONTRACT — SPECIFICATIONS.— The omission, in the record of such a bond, of some of the specifications appended to it, is immaterial.

5. EXPRESS LIEN.— If the written contract recites that the mechanic's lien is reserved on a building, it seems that it would show an express lien by contract, independent of the mechanic's lien which the law creates, when its terms are complied with.

APPEAL from Delta. Tried below before the Hon. Green J. Clark.

The case is stated in the opinion.

*Perkins & Perkins* and *S. W. Stewart*, for appellant.

I. A mechanic may fix and retain a builder's lien on a building to be erected by him in the obligation executed by him to the owner for the completion of said building within a given time, according to agreement, as firmly and as effectually as the obligor in the bond for title to real estate can retain his vendor's lien in said bond, for the sure payment of the purchase money of said land; and the bond or instrument excluded and ruled out in this case was full, ample and sufficient in law to fix and secure the mechanic's lien on the building in controversy. . . .

II. Where parties have admitted and acted upon instruments they are estopped from denying them, unless the admissions were made by mistake or procured by fraud. Portis *v.* Hill, 30 Tex., 529.

*Hunter & Putman*, for appellees.

I. A bond executed by a party to secure him in the payment of money, or in the faithful discharge of services, is not the contract of the obligee in said bond, no matter what its recitals may be. The evidence excluded is the bond executed by appellant and his sureties to appellees, conditioned that he would faithfully perform the contract he had made with them. The bond recites the contract by way of inducement, but does not purport to bind appellees.

II. Even could said bond be held to be the written contract of appellees, it was not filed for record in time to fix the lien, and never was duly recorded. If the bond be taken to be appellees' written contract, it was by its terms to become due on the 1st day of November, 1877. It was not given to the county court for record until September 3, 1878, more than six months afterwards. It was withdrawn, presumably by appellant, before the

record was complete, which destroyed the former filing. It was not acknowledged or proven in the manner authorizing written contracts to be admitted to record.

GOULD, CHIEF JUSTICE.— The object of this suit was to enforce a mechanic's lien on a school building, in the town of Cooper, for carpenter's work on said building, alleged to have been done under a written contract between plaintiff and defendants, trustees for the citizens of Cooper. On the trial plaintiff proved that the defendants, having been selected as trustees for the citizens of Cooper, with power to contract for the erection of a school building, and having accepted the trust and taken up a subscription, advertised for bids for the mechanical work, giving full description of the building and terms of the contract, specifying that bond would be required; that plaintiff's was the lowest bid, and the trustees agreed to accept it; that the trustees and plaintiff thereupon went to the office of an attorney, stated the terms of the agreement to him, and requested him to prepare the necessary paper. The instrument prepared was the one appearing to have been filed by the plaintiff for record with the county clerk on September 3, 1878, ·and which that officer testifies he recorded " all but a few lines of the plans and specifications attached to the obligation." On that day, before the record of the· plans and specifications was quite complete, one of the attorneys connected with the matter called for the same, stating the parties were about to compromise; and that it had never been returned to his office. The proof was that this instrument had been lost; that it was the only instrument prepared, and was accepted and acted on by both parties as the contract for building the house. The instrument is headed, " A. J. Martin *et al.* to A. G. Hubbard *et al.* (Contract.) " It begins in the form of a bond, in which Martin as principal, and Coldwell & Credelle as sureties, acknowledge themselves indebted to Hubbard and others, described as the " building committee of the school house now in course of construction in the town of Cooper," in the penal sum of $500. It then recites in detail the advertisement for bids by the committee, that Martin's was proved to be the lowest and best bid deposited with said committee, and proceeds thus: " Said Martin agreeing to do and perform all the mechanical work necessary in the erection and completion of said school building for the sum of $249, to be paid at the completion of said work by the committee as collected from the subscribers to said school building, said committee being in no wise individually responsible for said money; said Martin

looking to the subscribers to said building and his mechanic's lien on said building, which he hereby reserves, for the ultimate payment of his said bid, and the amount due him for said work." . . It ends thus: "Now, therefore, if the said N. J. Martin shall well and truly comply with his said contract, and do and complete said work in a good and workmanlike manner according to his said agreement, and the plan and specification hereto attached and made a part of this obligation, at the earliest period practicable inside of two months from the date hereof, all providential hindrances being excepted, then this obligation to be null and void, otherwise to remain in full force and effect. Witness our hands this the 1st day of September, A. D. 1877.

(Signed)                    "N. J. MARTIN.

" J. E. COLDWELL,
" H. P. CREDELLE,
          "Sureties."

After this follow detailed specifications of the building. Before offering this instrument in evidence, plaintiff proved that the school building was not completed until June, 1878, "and that the delay was not the fault of the plaintiff, but the fault of the defendants in not furnishing material." The defendants objected to the introduction of this instrument in evidence, "because the same was not a contract for building a house, but simply a bond of the contractor for the faithful performance of his duties, and because the same had never been recorded." The court sustained the objection and excluded the instrument, and this ruling is the error complained of.

The statute in force at the time, like the present law, gave the mechanic the right to "fix and secure" his lien, by filing "his contract" for record and causing it to be recorded "within six months after the debt becomes due." "If the contract, order or agreement be verbal, a duplicate copy of the bill of particulars shall be made under oath, one to be delivered to the clerk to be filed and recorded as provided for written contracts, and the other to be furnished the party owing the debt." Acts of 1876, p. 91; R. S., arts. 3165–6. The statute evidently divides these contracts into two classes — written and verbal. The former, it has been decided, may be recorded without being authenticated for record. Pope v. Graham, 44 Tex., 196. That is, where the terms of the contract are rendered certain by being reduced to writing, the object of the law is attained without requiring evidence of the execution of the instrument, in order to admit it to record.

A written contract is said to be one which in all its terms is in

writing. Bishop on Contracts, sec. 57. It is also said to have been held "that a writing orally assented to by the parties may constitute a contract between them; as if one signs and the other orally accepts, both will be bound." Id., sec. 167, and authorities cited. In Grove v. Hodges, Justice Strong says: "It is assuredly plain law that if a party, who has not put his name to a written contract, accepts it when signed by the other party, it binds him the same as if he had signed it." 55 Pa. St., 515. Again, speaking of the principle that contracts must be mutual, he says it does not "mean that where a contract is written each party must sign it." Id., 516. Justice Strong was speaking of a case in which a party held under a deed reciting things to be done by him. It may be that the undertaking which the law implies that he will do those things constitutes, as Mr. Bishop says, "a class by itself; being deemed neither written nor unwritten." Secs. 115, 119. But by our statute, contracts, out of which a mechanic's lien arises by law, are for the purposes of registration divided into but two classes — written and verbal; and the contract in this case being undoubtedly one giving rise to a mechanic's lien, must fall into one of these two classes. We think that the written instrument offered in evidence, embodying all the terms of their contract, having been accepted and acted on by both parties, constituted a written contract within the meaning of the statute, and having been filed for record and recorded within six months after the debt became due, was sufficient to fix the mechanic's lien claimed. It seems to us wholly immaterial that any of the specifications appended to the instrument should have been recorded. The instrument and its record being strictly and in spirit in compliance with the statute, a statute enacted under a constitutional provision giving the lien, and requiring the legislature to provide by law for its "speedy and efficient enforcement," we think that no technical distinctions as to the kind of action which at common law could be maintained against the parties not signing it should be allowed to obstruct the effect of its record in fixing the lien. It may be remarked that we see no reason in this case why that instrument is not sufficient to show an express lien, existing by contract, and wholly independent of the mechanic's lien which the law itself creates, when its terms are complied with.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 10, 1882.]