No. 5767.

## W. T. CAMPBELL ET AL. v. W. H. McFADIN ET AL.

1. SPECIFIC PERFORMANCE — STALE DEMAND. — A contract was made June 22, 1838, for the location of a league certificate, the locators to have one-half of the land; deed to be made upon issuance of patent, and to pay all expenses of locating, surveying and obtaining title, and to pay fifty dollars. Under the contract, the locators paid the fifty dollars and located the certificate February 28, 1840, and caused the field notes and certificates to be returned to the land office December 20, 1840. The land was in conflict with an older grant in name of Rafael de Aguirre, the conflict being known to all the parties at the time the location was made. The Commissioner of the Land Office refused to

patent, on account of the conflict, until July 21, 1884, when patent issued to a vendee of the owner of the certificate. The locators being dead, the office fees and dues were paid by the patentee. Suit was brought for specific performance June 8, 1885. *Held:*

(1) The delay in obtaining patent was excused by the facts.

(2) The suit could not be brought for title until after patent issued;

(3) The claim was not stale at the filing of the suit.

APPEAL from Williamson. Tried below before Hon. A. S. Walker.

June 8, 1885, appellants brought suit for specific performance of a contract in writing, as follows:

By this instrument of writing I bind myself to make to Nathan Halbert and David Garner, a quit claim deed to the one-half of the league of land to which I am entitled as a citizen of Texas, so soon as I myself shall obtain a title for the same. Said land to be divided equally in quantity and quality, and should I refuse to comply with this obligation I authorize any court of justice to compel me to make the title as aforesaid; and by this intrument I authorize the said Halbert and Garner to enter upon said land, and to hold the same as their own property acquired by just and legal title, the said Halbert and Garner to pay all the expenses of selecting and surveying and clearing from the office my said title, as also the government fee for said land, by the said Halbert and Garner binding themselves to locate the said land on as good land as they can find vacant, and paying me the sum of fifty dollars. January 22, 1838.

His<br>W. H. ✕ McFADIN.<br>Mark.<br>NATHAN HALBERT.

Witness:

F. HARDIN,
MAHALA JETT.

This instrument was proved up and regularly recorded in Williamson county, June 15, 1854. It was alleged that Halbert and Garner had located the W. H. McFadin league on land in said county February 28, 1840; had caused the land to be surveyed and had returned the field notes and certificate to the land office December, 1840. That the location was in conflict with an older grant for ten leagues in name of Rafael de

Aguirre; that on account of the conflict the Commissioner of the Land Office had refused to patent; that this conflict was known by the locators and by McFadin at the time of the location; that plaintiffs claimed under Halbert and Garner, and alleged full compliance on the part of the said locators with said contract, and offered to pay whatever office fees had been paid on obtaining the patent which was issued July 21, 1884.

The only question discussed in the opinion is as to the sufficiency of the petition tested upon a demurrer thereto as a stale demand.

The court below held the petition insufficient upon demurrer, and the question is presented whether upon the facts alleged an action can be maintained.

The appellants sue as heirs and assignees of heirs of Halbert and Garner, and against W. H. McFadin and others holding under him.

*A. J. Peeler* and *D. W. Doom,* for appellants: As to mutuality of contract, see Martin v. Roberts, 57 Texas, 544. As to performance of contract and right of heirs to sue, see Bell v. Warren, 39 Texas, 106. As to stale demand and right of action not accruing till patent issues, see Reed v. West, 47 Texas, 240; McKin v. Williams, 48 Texas, 92; McFadin v. Williams, 58 Texas, 625; Doss v. Slaughter, 53 Texas, 235; Rucker v. Dailey, 66 Texas, 284.

*Fisher & Townes* and *Walton, Hill & Walton,* for appellees.

MALTBIE, JUDGE. This is a suit for the specific performance of a written contract entered into on the twenty-second day of January, 1838, between W. H. McFadin, of the first part, and Nathan Halbert and David Garner, of the second part. The original petition was filed by the appellants, who are the heirs and assignees of Halbert and Garner, on the eighth day of June, 1885. Demurrers, general and special, were sustained to appellant's original and first supplemental petitions, and also to their trial amendment. After which a trial was had on appellees' cross bill, resulting in a verdict and judgment in their favor, removing all clouds cast upon their title by appellants' claim.

There are a number of errors assigned, but it will only be necessary to consider the second, which questions the correct-

ness of the ruling of the court in sustaining appellees' demur-
rers to appellants' petitions. By the terms of the contract sued
upon W. H. McFadin, in consideration that Nathan Halbert
and David Garner would select as good vacant land as could
be found, and locate his headright league certificate upon it,
pay all government dues and charges and also pay McFadin.
an additional sum of fifty dollars he would convey one-half of
the land to Halbert and Garner by quit claim deed as soon as he
should obtain a title. In the meantime Halbert and Garner
were authorized "to enter upon the land and hold it as their own
property acquired by just and legal title." Appellants alleged
in their petitions that Nathan Halbert and David Garner lo-
cated the W. H. McFadin certificate on the land in contro-
versy in Williamson county on the twenty-eighth day of Feb-
ruary, 1840, and returned the field notes to the general land
office on the twentieth of December of that year; that they
paid all government dues and other expenses, and paid to W.
H. McFadin the sum of fifty dollars; that the land upon which
the location was made was vacant public domain of the State
of Texas, subject to location; that the survey and return of
certificate and field notes to the general land office appropri-
ated the land, but that on account of a supposed conflict with
the Aguirre grant of ten leagues, the Commissioner of the
General Land Office refused and neglected to issue a patent to
the land until the twenty-first day of July, 1884, when, by
virtue of the location made by Halbert and Garner, he issued
letters patent to the same.

By express terms of the contract, McFadin could not be re-
quired to convey the land until he obtained the title; conse-
quently suit to compel a conveyance could not have been
brought until after the twenty-first day on July, 1884, and
laches can not be imputed to appellants on account of a failure
to do so, until a reasonable time after their cause of action ac-
crued, and we are of opinion that under the circumstances of
this case that from the twenty-first day of July, 1884, to the
eighth day of June, 1885, can not be considered an unreason-
able time in which to bring suit. It is claimed by appellees
that the contract is incomplete, not having been signed by all
of the parties contemplated thereby, and that it is not mu-
tual. The contract is signed by W. H. McFadin and Nathan
Halbert only. David Garner failed to sign it; but it was not
necessary for him to do so. When one party to a written con-

tract signs, and the other accepts it without signing, the one failing to sign is as fully bound as if he had signed, and as a consequence, is also entitled to its benefit to the same extent as if he had signed it. (Martin v. Roberts, 57 Texas, 568, and authorities cited.

Appellees also claim that, by the terms of the contract, a personal trust devolved upon Nathan Halbert and David Garner, which appellants' petitions show they never performed. The only failure on the part of Halbert and Garner to perform the contract, as shown by their petition, was in not obtaining a patent to the land; but this was averred to have occurred on account of the refusal of the Commissioner of the General Land Office to recognize the validity of the location. Nothing remained to be done except to pay the patent fees and take the grant out of the office when it should be issued. This did not require the exercise of discretion or judgment, and was not a matter of personal trust or confidence. Halbert and Garner both died before the patent issued, and appellees paid the office fees and obtained the patent; but appellants offered to pay all charges incurred by them in this behalf. Under this state of facts, we are of opinion that the acts performed on the part of Halbert and Garner, with the offer of appellants, constitute a substantial compliance with the contract. (Bell v. Warner, 39 Texas, 110, 111.)

The remaining question to be considered is whether the delay in this case, from the entering into the contract until the issuance of the patent, covering as it does a period of forty-four years, is so great as to preclude appellants from the prosecution of their suits; and this will depend upon whether they have given a sufficient excuse for their failure to obtain the patent to the land in a reasonable time, as they were bound to do. In Gibbons v. Bell, 45 Texas, 423, it is said: "The equitable title of the locator who has fulfilled all stipulations on his part is similar to that of a vendor under a bond for titles, when the entire purchase money has been paid. The vendor in such case is a trustee without interest for the vendee, and the trust relations continue, unless plainly repudiated or there is some intention shown by the vendor to claim or hold the land adversely to the vendee." It would seem that what is a reasonable time for the performance of a contract must depend much upon the circumstances of each case. (Reed v. West, 47 Texas, 240.)

That a contract is of ancient date constitutes no valid objection to its enforcement either at law or in equity (Id). Ten years is the time generally prescribed by the decisions in this State in which suit must be brought for specific performances after the accrual of the right of action. But there is no fixed rule prohibiting relief after this time if the circumstances of the case sufficiently account for and excuse the delay. (McKin v. Williams, 48 Texas, 92; Rucker v. Dailey, 66 Texas, 286.) The delay complained of, is in failing to obtain a patent to the land for an unreasonable length of time. The excuse offered is that it was known by Halbert, Garner and McFadin before the certificate was located, that if located on the land proposed, it would be in conflict with the Aguirre grant of ten leagues, and that the commissioner, under the rules of the land office, could not and would not issue a patent as matters then stood, but it was believed by all the parties in interest that the Aguirre title was a forgery and the location void. That McFadin, with a full knowledge of all the facts, expressly agreed to the location before it was made, and has ever since aquiesced in it. That in 1841 he executed a power of attorney to Halbert, authorizing him to take the patent out of the office when it should issue; and again expressly agreed with Halbert and Garner to stand by the location, and promised that if a patent should ever be obtained that he would make them, their heirs or assigns a deed to one-half of the land, and that in pursuance of this understanding and agreement, Halbert and Garner and W. H. McFadin had ever since claimed and occupied the land in controversy as tenants in common. The petition further averred that Halbert and Garner, in pursuance of this agreement, on the — day of October, 1848, placed one John Scott in the actual possession of the land, under a written lease to an undivided one-half of it; and that Scott remained in possession of the land as their tenant until the year 1867. That in order to perfect the title to the land through Scott's possession, W. H. McFadin, in the year 1857, with the consent of Halbert and Garner, also executed a lease, in writing, to Scott to the land, who soon thereafter placed both leases on record in Williamson county; that the lease from McFadin was in aid of the claim and possession of Halbert and Garner, and the possession of Scott was for their benefit, he always acknowledging himself to be their tenant. That Halbert, in

3

pursuance of his agreement with McFadin, paid taxes on twenty-two hundred and fourteen acres of the land from the year 1847 until his death in 1867, and that appellees paid no taxes on this land for all of this time, but continued to recognize and acquiesce in the right and possession of Halbert and Garner. Through this possession appellants claimed the land under the three, five and ten years statutes of limitation.

The petition claimed that W. H. McFadin again recognized the contract sued on by a sale and conveyance of an undivided one-half interest in the land to David McFadin, who was averred to be in possession of the the land as a tenant in common with appellants; he was also charged with notice, actual and constructive, of appellant's claim. It thus plainly appears from the allegations of the petition that the location was originally made upon an express agreement with W. H. McFadin, that it should be made on the land in question, he being informed at the time, that according to the rules of the land office, a patent to the land could not then issue; that he has ever since recognized the validity of appellant's claim; and that neither he nor his assigns have in any manner repudiated it, but have been in possession of their portion of it for many years as tenants in common with appellants. It does not appear that it was in the power of appellants to have sooner procured the issuance of the patent, or that appellees have been injured, damaged or inconvenienced by such failure. In view of all of which we are of the opinion that the judgment ought to be reversed and the cause remanded.

*Reversed and remanded.*

Opinion adopted June 5, 1888.

STAYTON,
*Chief Justice.*