BENSON v. ASHFORD et al. (No. 6115.)

(Court of Civil Appeals of Texas. Austin. Oct. 29, 1919. Rehearing Denied Dec. 10, 1919.)

1. CONTRACTS ⟷10(2)—EXECUTED CONTRACT NOT UNILATERAL.

A written contract for the construction of a house was not unilateral and unenforceable because signed only by the person for whom the house was to be constructed, where it was accepted by the other party and acted upon by him by building the house.

2. REFORMATION OF INSTRUMENTS ⟷18—MISTAKE OF LAW BY SCRIVENER.

A mistake by a scrivener in drawing an instrument which would warrant a reformation applies to mistakes of law as well as mistakes of fact, and a contract can be reformed where a scrivener uses a word in a mistaken sense.

3. LIMITATION OF ACTIONS ⟷127(4)—AMENDMENT TO PLEADINGS NOT NEW CAUSE OF ACTION.

In an action on a contract, an amendment by plaintiff to the pleadings, setting up a mistake in the contract and asking that the same be corrected, was not a new cause of action as respects the statute of limitations.

Error from District Court, McLennan County; H. M. Richey, Judge.

Suit by J. C. Ashford and another against Eula Benson. Judgment for plaintiffs, and defendant brings error. Affirmed.

See, also, 189 S. W. 1093.

H. C. Lindsey, of Waco, for plaintiff in error.

J. D. Willis and R. L. Neal, both of Waco, for defendants in error.

JENKINS, J. This was a suit by defendants in error upon promissory notes given by plaintiff in error for the erection of a house, and upon a contract giving a mechanic's lien on the house so erected. The defendants in error alleged a mutual mistake in wording the contract, in that it called for the erection of a frame house, whereas the contract was for the erection of a box and weatherboarded house.

The testimony shows that there was a verbal agreement to erect a box and weatherboarded house, a memoranda of which was reduced to writing, but not signed by the parties. Thereafter a lawyer undertook to reduce the contract to writing, and wrote the same as dictated by defendants in error, in the presence of plaintiff in error, except that he used the words "frame house," instead of "box and weatherboarded." His attention was called to this at the time, and he stated that the words "frame house" meant a house built of wood, as distinguished from one built of brick and cement. The court reformed and enforced the contract.

[1-3] Plaintiff in error's first contention is that the contract cannot be enforced, because it is unilateral, in that, while it was signed by the plaintiff in error, it was not signed by the defendants in error. The evidence shows that the contract was accepted by defendants in error and acted upon by them, in that they built the house. Such being the case, it was binding on both parties. Martin v. Roberts, 57 Tex. 568; Campbell v. McFadin, 71 Tex. 28, 9 S. W. 138. The mistake in the contract was as to the legal meaning of the words "frame house," both parties accepting the contract understanding that this phrase meant a box and weatherboarded house, as agreed upon between them. A mistake by a scrivener in drawing an instrument applies to law as well as to fact. 34 Cyc. 910, 919. The amendment which set up the mistake and asked that the same be corrected was not a new cause of action, and therefore limitation would not apply.

Plaintiff in error filed a cross-action, alleging mistake as to some of the specifications, and that the house was not built in accordance with the true contract. The court heard the evidence on this point, and found against plaintiff in error. The evidence justified such finding.

The finding of the court as to the amount of judgment to which defendants in error were entitled is also sustained by the evidence.

Finding no error of record, the judgment of the trial court is affirmed.