### GRAINGER v. GOTTLIEB. (No. 6389.)

(Court of Civil Appeals of Texas. Austin. Oct. 26, 1921.)

**1. Appeal and error ⟨key⟩912—Findings presumed in support of judgment overruling plea of privilege.**

Facts and circumstances justifying such inference, it must be presumed, on appeal, in support of a judgment overruling a plea of privilege, that trial court found written confirmation was intended by the parties to evidence and express the contract sued on as finally consummated; plaintiff relying upon Rev. St. art. 1830, subd. 5, authorizing suit to be brought where a person has contracted in writing to perform his obligation.

**2. Appeal and error ⟨key⟩1024(3)—Finding of fact binding on appeal.**

Finding of fact of trial judge on trial of plea of privilege is binding on appeal, where the evidence warrants it.

**3. Venue ⟨key⟩7—For purpose of venue contract in writing need not be signed by both parties.**

Where all the terms of a contract are in writing, the failure of one of the parties to sign, where the party not signing accepts a duplicate copy, is not fatal to the instrument as a written contract under Rev. St. art. 1830, subd. 5, which authorizes suit to be brought in county where person has contracted in writing to perform his obligation.

Appeal from Williamson County Court; F. D. Love, Judge.

Suit by J. Gottlieb against C. J. Grainger. From a judgment overruling defendant's plea of privilege, he appeals. Affirmed.

Wilcox & Graves, of Georgetown, for appellant.

Melasky & Moody, of Taylor, for appellee.

BRADY, J. This appeal is from a judgment overruling appellant's plea of privilege. The suit is for damages for alleged breach of contract, arising from the failure of appellant, who was defendant below, to deliver two cars of corn to appellee. Appellant filed his plea of privilege to be sued in Anderson county, where he resided. For venue in Williamson county, appellee relied upon subdivision 5 of article 1830, Rev. Stat., which authorizes suit to be brought in the county where a person has contracted in writing to perform his obligation.

There is no doubt that the contract, if there was one, was performable by appellant in Williamson county, and the only question presented by this appeal is whether the contract was in writing, within the meaning of the statute. This court passed upon a very similar question in Gottlieb v. Dismukes, 230 S. W. 792. While it must be conceded that the facts in that case were stronger against the plea of privilege than in the instant case, we think the principles there announced are controlling here.

[1] We must presume, in support of the judgment, that the trial court found the written confirmation was intended by the parties to evidence and express the contract, as finally consummated. It is true that appellee did not expressly so testify, but the facts and circumstances of the transaction justify that inference. Furthermore, the conclusion is warranted by the evidence that appellant accepted his duplicate of the contract as the written evidence of the contract as closed. It contained the provision:

"It is agreed that this confirmation is a part of the contract and its receipt, without objection or notification to Taylor Grain & Elevator Company of error herein, is acknowledgment of the contract as above."

[2] The defense of appellant was substantially that the alleged confirmation was thought by him to be only a written proposal by appellee to buy corn at a certain price, and not a contract, and that he did not read the copy furnished him until long afterward, when appellee claimed the breach. There were facts and circumstances in evidence, however, from which the trial judge might well have concluded to discredit that theory, and we are bound by his conclusion.

[3] The chief difficulty we have had, in deciding to sustain the trial court, is the fact that the written confirmation, relied upon as the contract, was not signed by appellant, and that there was no direct or positive evidence that it was intended by the parties as a written contract. However, we think the circumstances show that such was the intention of the parties, and the failure of appellant to sign is not conclusive of the question.

In Martin v. Roberts, 57 Tex. 564, our Supreme Court held that where all the terms of a contract are in writing, the failure of one of the parties to sign is not fatal to the instrument as a contract. To the

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

same effect is the holding in Campbell v. McFadin, 71 Tex. 28, 9 S. W. 138, where it was said, on page 31 of 71 Tex., on page 139 of 9 S. W., that—

"When one party to a * * * contract signs, and the other accepts it without signing, the one failing to sign is as fully bound as if he had signed, and, as a consequence, is also entitled to its benefit to the same extent as if he had signed it."

In this case the written confirmation was signed by appellee, under his trade-name, and he positively testified that it was accepted by appellant, who received and retained a duplicate, without objection to any of its terms. It is true he testified that he did not read it, but there is evidence in the record to warrant a contrary conclusion.

We think the evidence is sufficient to support the implied findings of the court below, and therefore they are binding upon us.

All assignments have been carefully considered, are thought to be without merit, and are overruled. The judgment is affirmed.

Affirmed.