## HAYNES v. GILSONITE CONST. CO. (No. 2046.)

Court of Civil Appeals of Texas. El Paso. Oct. 3, 1927.

1. Venue ⬥7—Contract reduced to writing, signed by one party and accepted by other, is "contract in writing" within venue statute (Rev. St. 1925, art. 1995, § 5).

A contract reduced to writing, signed by one party, and accepted by the other, is a "contract in writing" within Rev. St. 1925, art. 1995, § 5, providing that, if person has contracted in writing to perform obligation in a particular county, suit may be brought there.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Written Contract or Agreement.]

2. Venue ⬥7—Evidence held to show acceptance of contract, making it "contract in writing" within venue statute (Rev. St. 1925, art. 1995, § 5).

Evidence held to show an acceptance of a contract which had been reduced to writing and signed by the other party, so as to make it a "contract in writing" within venue statute (Rev. St. 1925, art. 1995, § 5).

3. Venue ⬥7—"Contract in writing" need not be signed by both parties to permit suit to be brought in county where obligation is to be performed (Rev. St. 1925, art. 1995, § 5).

Where all of a contract is in writing, the failure of one of the parties to sign, where the party signing accepted a duplicate copy, held not fatal to the instrument as a "written contract" under Rev. St. 1925, art. 1995, § 5, providing that, where a person has contracted in writing to perform an obligation in a particular county, suit may be brought there.

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

---

Action by the Gilsonite Construction Company against J. P. Haynes. From an order overruling defendant's plea of privilege, defendant appeals. Affirmed.

Leake, Henry, Wozencraft & Frank, of Dallas, and Terrell, Davis, Huff & McMillan, of San Antonio, for appellant.

Etheridge, McCormick, Bromberg, of Dallas, for appellee.

PELPHREY, C. J. This is an appeal from an order of the district court for the 101st judicial district of Texas, sitting at Dallas, overruling appellant's plea of privilege.

Appellee alleged in its petition that in November, 1924, it had entered into a contract with appellant whereby it was to receive a certain part of the profits made by appellant on a contract to construct the Medical Arts building at San Antonio, Tex.; that appellee was to render appellant assistance in financing the construction of said building and to render certain services in the construction thereof. Appellee also alleged that appellant had been guilty of fraud in securing from appellee certain stock in the said Medical Arts building, and had converted the same to his own use and benefit. Appellee prayed for a judgment for title and possession of the stock converted or its reasonable market value and for the balance alleged to be due in cash under the contract. Appellant filed his plea 'of privilege, which was controverted by appellee. Appellant filed a special exception to the controverting affidavit on the ground that it showed on its face that the contract sued on had never been signed by appellant, a special exception as to the sufficiency of the allegations of fraud, a general demurrer and a general denial. Upon a hearing on the plea of privilege, the court overruled the plea of privilege, and from that order Haynes has appealed to this court.

### Opinion.

Appellant predicates his appeal on the following two propositions:

"First. Appellee's action is one for breach of contract involving the refusal to deliver certain stock and to pay certain money, and the issue with regard to any fraud which may have been committed in Dallas county, Tex., is entirely collateral to the suit, and the case therefore does not fall under subdivision 7 of article 1995, relative to fraud.

"Second. The contract sued on having never been executed by appellant, venue does not arise thereunder in Dallas county, Tex., under subdivision 5 of article 1995."

In accordance with our views on the questions involved, we deem necessary only to discuss the last proposition.

The first question arising is, Do the facts of the case show a contract in writing? We find from an examination of the statement of facts that the only evidence offered was by

appellee, and that the testimony so offered is uncontroverted.

Louis J. Hoenni, president of the Gilsonite Construction Company, testified that the agreement between appellee and appellant was in writing; that it was drawn by an attorney, Mr. Rhodes Baker, of Dallas; that there were three copies made; that they were signed by appellee, and one copy handed to appellant; that he did not know whether appellant signed the copy handed to him, but that he did not sign the copy kept by appellee; that appellee carried out its part of the agreement; and that no question was ever raised by appellant regarding the contract.

The record further shows that appellant turned over to appellee certain stock in the Medical Arts building issued in his name, and paid appellee a certain amount in cash. A letter from appellant to appellee requesting a return of the stock turned over to it by him to be replaced by preferred stock is also found in the record.

[1] It is well established in this state that a contract reduced to writing and signed by one party and accepted by the other is a written contract. Martin v. Roberts, 57 Tex. 564; Campbell et al. v. McFaddin et al., 71 Tex. 28, 9 S. W. 138; Clegg v. Brannan, 111 Tex. 367, 234 S. W. 1076.

[2] In our opinion the evidence in the case at bar is amply sufficient to show an acceptance on the part of appellant, and the contract, having been reduced to writing and signed by appellee, under the rule laid down by our Supreme Court in the cases just cited, became impressed with the character of a written instrument, and will be treated as such by the law and the courts. Our statute (article 1995, § 5) reads as follows:

"*Contract in Writing.*—If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

[3] The contract in the case at bar provided for the payments thereunder to be made in Dallas county. Does this case fall within the exception above quoted? We find from a search of the decisions that the Austin Court of Civil Appeals and the Dallas court have held under a similar state of facts that the exception was applicable. Gottlieb v. Dismukes (Tex. Civ. App.) 230 S. W. 792; Grainger v. Gottlieb (Tex. Civ. App.) 234 S. W. 604; Dickinson v. Carter (Tex. Civ. App.) 246 S. W. 739.

While there is a serious question in our minds as to whether the Legislature intended to permit a defendant to be sued in a county other than that of his domicile, unless it be shown that he had *signed* an agreement in writing to perform an obligation in such county, yet, in view of the fact that two of

our Courts of Civil Appeals have expressly held that signing was not essential, and in view of the further fact that the Legislature has been in session several times since the decision in the case of Gottlieb v. Dismukes, supra, and have made no change in the wording of the statute, we feel that we should follow the doctrine by them announced.

The judgment of the trial court in overruling the plea of privilege is accordingly affirmed.