## CHAVEZ v. GOODMAN.

### No. 4067.

Court of Civil Appeals of Texas. El Paso. May 15, 1941.

Rehearing Denied June 12, 1941.

R. L. Holliday and Harold L. Sims, both of El Paso, for appellant.

R. J. Channell and John F. Hawley, both of El Paso, for appellee.

SUTTON, Justice.

This is an appeal from a judgment of the County Court at Law of El Paso County. The trial was to the court without a jury. The judgment was for the plaintiff, from which the defendant has perfected this appeal. The parties will be designated as in the trial court.

J. H. Goodman, as plaintiff, sued the defendant, Pedro M. Chavez, to recover $540 on an alleged written lease contract. Plaintiff alleged in his petition that on December 4, 1938, Jesus Sillas, as lessor, leased to Jesus Anchondo and Pedro Chavez a building and fixtures located at 300 South St. Vrain Street, in the City of El Paso, for twenty-five months from the date thereof, and agreed to pay $90 per month in advance; that plaintiff had purchased the property leased subject to the lease; that the lease had been paid to November 4, 1939, but not for the months of November and December, 1939, and January, February, March and April, 1940, for which he sought recovery.

The defendant answered with a general demurrer and a general denial.

Judgment was rendered in favor of the plaintiff for the sum of $360. There was no request for findings of fact and conclusions of law, and none were filed, of course.

The defendant has a number of assignments and propositions but the substance of them is that the court erred in overruling his general demurrer, and that there is no evidence to support the allegations of plaintiff's petition and the judgment of the court.

The evidence introduced on the trial disclosed the lease contract sued on named Sillas as lessor and Anchondo and Chavez as lessees, but was signed and acknowledged by Sillas only. Sillas had a copy of the contract as did Anchondo, but Chavez did not. Anchondo went into possession of the building immediately and occupied it and operated the business therein until sometime during the month of October, 1939, when he became too ill to continue the work incident to the operation of the place. The undisputed proof shows Chavez loaned Anchondo $350 to open his business with, and that no part of it was ever paid back. Anchondo died, the exact date is not shown, but probably the latter part of October, 1939. When he became ill Chavez told his wife to undertake to sell the business to some one. Mrs. Chavez made some sort of sale, conditional or otherwise, to one Francisco Mena; he ran the place for twenty to twenty-one days and apparently left on or about November 1, 1939; three or four days after Mena left Mrs. Chavez disposed of the small remaining stock and left the place.

At or about the time Mena took the place over, he and Mrs. Chavez went to the plaintiff, J. H. Goodman, and arranged for a reduction of the rents from $90 to $60 per month for a period of six months, at which time it was understood, as we understand the testimony, the regular rent payments would be resumed and $10 per month paid on the rents in arrears until all had been finally paid.

The plaintiff sought to hold the defendant Chavez liable on the written lease contract by virtue of his acceptance and entry under it. All the evidence we are able to find in support of this contention is that of the notary, Manuel Stewart, who prepared the contract and took Sillas' acknowledgment. His testimony, briefly, is that Anchondo dictated the terms of the lease as prepared by him; that they took it the night it was prepared to Sillas' house

where he was sick. Sillas required some changes. Chavez was present. Stewart testified his understanding was Chavez had nothing to do with it nor any interest in it, except he was loaning Anchondo money. Chavez drove Stewart and Anchondo to Sillas' house, but testified he paid no attention to the lease and its contents.

Mr. Lee Newman was the agent and representative of Sillas and the plaintiff and collected all the rents. He testified as follows: "He (meaning Chavez) told me Mr. Anchondo and he were in the business. He was backing Mr. Anchondo, and he had put up, I think, three or four hundred dollars for the business, and that he hadn't got a cent out of it, and that he was on the lease, and I told him I didn't think he was. At that time I didn't think he was, and when he told me I got the lease out and found out he was on the lease."

The evidence above referred to is all the evidence that we have been able to find that could be construed to support the contention of the plaintiff. All other evidence is to the effect Chavez loaned Anchondo money and had no interest whatever in the business.

 The law, in a line of Texas cases, is held to be a contract in writing signed by one party and expressly accepted orally by the other, or the terms thereof performed and the benefits thereof accepted, will constitute it in law the written contract of the parties and binding on both. Martin v. Roberts, 57 Tex. 564; Clegg v. Brannan, 111 Tex. 367, 234 S.W. 1076; Copeland v. Hill et al., Tex.Civ.App., 126 S.W.2d 567. Before one who has not signed a contract reduced to writing may be bound it must be shown to the satisfaction of the court or jury trying the fact issue that it has been assented to, or that there has been an entry under it or performance of it, or an acceptance of benefits such as to estop him. In other words, in the instant case we think it essential that the plaintiff show an express acceptance of the contract, an entry under it, or the acceptance of some benefit from the contract.

In the absence of a request for and the filing of findings and conclusions this Court cannot determine upon what theory the trial court rendered judgment for $360. The plaintiff sued for $540, the rent stipulated for in the contract. Of course, every reasonable presumption must be indulged in favor of the judgment and that there is evidence to support it.

It has been difficult for the members of this Court to arrive at what we conceive to be a proper and just disposition of this case. We find the record unsatisfactory. It occurs to us that evidence available calculated to make much clearer the situation has not been offered. We have reached the conclusion the evidence is not sufficient to justify an affirmance of this case. On the other hand, we are not prepared to say there is no evidence to justify the judgment of the trial court. The burden, however, rests on the plaintiff to show the defendant's liability under the unsigned lease. We have not been in entire agreement on a proper disposition of the case and have concluded justice will probably be best subserved by reversing and remanding the same.

While we think the petition of plaintiff not subject to the general demurrer, yet we agree it is not very artfully drawn, and an amendment prior to another trial might better present the issues and questions to be determined.

The case is reversed and remanded.