## TAYLOR CONST. CO. v. CLYNCH.
### No. 5716.

Court of Civil Appeals of Texas. Amarillo.
Sept. 16, 1946.

Rehearing Denied Oct. 11, 1946.

W. C. Wofford, of Taylor, and Williams & Bell, of Childress, for appellant.

C. C. Broughton, of Childress, for appellee.

PITTS, Chief Justice.

This is a plea of privilege in a suit for damages by reason of failure to comply with the terms of an alleged written contract performable in Childress County, Texas, and plaintiff is relying on Subdivision 5, Article 1995, Vernon's Annotated Statutes to establish venue in Childress County.

Appellant, Taylor Construction Company, had it office in Williamson County, Texas, and was a partnership composed of J. T. Taylor, A. D. Evans, and Sidney Perrin, and it leased from appellee, V. L. Clynch, of Childress County, Texas, certain machinery, to wit: a D7 caterpillar tractor, a power control unit, and a bulldozer, to be used on a government job at Bearden, Arkansas. The record reveals that the terms of the lease contract were fixed as a result of several telephone conversations between Sidney Perrin and V. L. Clynch but A. D. Evans prepared the contract in writing, signed it for appellant, and mailed it in duplicate form to appellee who did not sign the same but who made some material changes on the original copy and returned it to Evans with an explanation in a letter that some of the terms of the contract as drawn were not in accordance with the agreement he had made with Sidney Perrin and he had changed the original and made its terms consistent with the agreement between him and Perrin. Upon receipt of the original copy of the contract and letter from appellee, Evans sent both immediately by mail to Perrin with instructions to Perrin that he "please handle this matter." Soon thereafter appellee and Perrin held a conference in which appellee testified without contradiction that they orally agreed to the suggested changes that appellee had previously made in the original copy of the contract and that Perrin said he would have appellant's office make a new contract incorporating such changes therein and have the same sent to appellee for execution.

The record further reveals that the terms of the contract, including the material changes made by appellee, were carried out by the parties for a period of three months without a new contract having been drawn except that appellee contends that the machinery was returned to him in a damaged condition in violation of the terms of the contract and he filed suit against appellant in Childress County for $3045.95. Appellant filed its plea of privilege to be sued in its home county of Williamson and the same was controverted by appellee. The trial court heard the plea of privilege without a jury and overruled it from which order an appeal was perfected to this Court.

Appellant contends that the contract was never fully executed since appellee never signed it and therefore the parties are not bound by its terms, while appellee contends that an agreement was reached between the parties including the material changes he had made, that the same was not signed by him only because a new contract was not prepared by appellant as promised and that the terms of the contract including the said material changes had been fully ratified by appellant and its terms carried out except for the violation of its terms as alleged in his suit filed.

The trial court found that the suit was based upon a written contract performable in Childress County and, although it had not been signed by appellee, its terms, including the changes and alterations made by appellee, had been ratified by appellant, agreed to by both parties and were binding on them and gave Childress County venue.

Appellant bases its appeal upon four closely related points of error but reduces them to one question for determination and that is whether or not "appellant ratified or acquiesced in the written contract" including the changes and alterations made by appellee. Appellant confines its brief to that issue in briefing only its first point of error.

█ It is well settled that the names of all interested parties do not always necessarily have to be subscribed to a written contract in order to make it binding. When a contract between two parties has been reduced to writing, bears the signature of either of the parties, and is ratified and accepted by both parties, it is treated as a written instrument and is binding on both parties, each of whom is entitled to its benefits. Haynes v. Gilsonite Const. Co., Tex.Civ.App., 298 S.W. 640; Salisbury v. Taylor, Tex.Civ.App., 5 S.W.2d 874; Copeland v. Hill, Tex.Civ.App., 126 S.W.2d 567; Chavez v. Goodman, Tex.Civ.App., 152 S.W.2d 826; and 10 Tex.Jur. 265, Sec. 152.

█ It is likewise well settled that a material alteration of a contract already made may be subsequently ratified and adopted and in such instances such instrument as altered will be binding upon the parties. It is not necessary that the ratification of the alteration be in writing unless the original instrument was executed under seal but the same may be ratified by oral agreement or by circumstances, acts, and conduct, with full knowledge of the facts, on the part of the party effected. The instrument is valid if the intention of the party to recognize its validity is sufficiently shown. Acquiescence without objections to the alteration, with knowledge of the facts, until enforcement of the instrument is sought may constitute ratification. Acquiescence may constitute ratification if a party, with knowledge of the alterations, accepts the benefits according to the terms of the altered instrument and such party may be estopped from denying liability on the same. 3 C.J.S. Alteration of Instruments, §§ 75, 77, pages 981 and 983; 2 Tex. Jur. 699, Sec. 7; Wright v. Austin State Banking Com'r., Tex.Civ.App., 1 S.W.2d 703; Matson v. Jarvis, 63 Tex.Civ.App. 376, 133 S.W. 941, and other authorities therein cited.

█ This Court is authorized under the rules to review on appeal facts found by a trial court in a hearing on a plea of privilege just as it would in any other case on appeal. Rogers v. Fort Worth Poultry & Egg Co., Tex.Civ.App., 185 S.W.2d 165; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. Therefore, if the evidence supports the findings of the trial court, this Court and the parties are bound thereby.

The record reveals that A. D. Evans and appellee were the only witnesses to testify; that Sidney Perrin attended the trial but did not testify; that several exhibits are in the record including (by special order of the trial court) both the original and a carbon copy of the contract showing the changes and alterations there made and that the original contract was not executed under seal.

Evans testified in effect that the terms and agreements to be inserted in the contract were made between Perrin and appellee; that he did not know just what they agreed to when he drew the original contract on July 23, 1945; that in drawing the original contract he used a printed form with "San Antonio" printed in as

the place of performance but that he struck out the word "San Antonio" and wrote in the word "Childress" as the place for making monthly rental payments of $840 for the machinery in question; that appellant had no office in San Antonio; that, when the original contract with the material alterations therein made was returned to him by appellee together with a letter from appellee, he sent them both immediately by mail to Perrin with a request that he (Perrin) "please handle this matter"; that Perrin evidently did handle the matter; that one of the alterations appellee had made in the original contract before returning it to him was the changing of the place for paying to appellee of any damages done to the machinery by appellant during its use from "San Antonio" as used in the printed form to "Childress" but that he had no objections to appellee making such a change; that the only objections he had to the changes made by appellee were other alterations which were later complied with by both parties; that he sent a wire to appellee on August 23, 1945, advising him that appellant's contract with the government for construction work had been cancelled by the government and the machinery in question would be placed in "good order" and returned to appellee at the "earliest date" and that two days later he wrote a letter to appellee at Childress, Texas, enclosing a check for rental of the machinery and told him in the letter that the machinery would be placed in good order and returned to him at Childress, Texas. Both the wire and letter were in evidence.

Appellee testified in effect that he made the original agreement with Perrin; that upon receipt of the contract from Evans it was not drawn according to some of the terms of the agreement; that he did not sign it but changed the date of its beginning from June 17, 1945 to June 3, 1945, struck out the provision requiring him to pay for initial repairs, if any were needed, on the machinery before it went on the job since Perrin had agreed that appellant would pay for such repairs and that he changed the place for returning of the machinery at the expiration of the contract and the place for making payments for loss or damages done to the machinery by appellant during its use from "San Antonio" as used in the printed form to "Childress" making it consistent with the place for paying monthly rentals as written in the contract by Evans. Appellee likewise testified that after he returned the original contract to Evans with the alterations made and after Evans had sent it to Perrin, he and Perrin had a conference in which the alterations were fully agreed to by both parties making Childress the place for making all payments and for the redelivery of the machinery at the expiration of the contract and making the time for the beginning for the use of the machinery June 3, 1945, and making appellant liable for the payments of any initial repairs on the machinery before its use.

The record reveals that appellant used the machinery in question on the government job until the government cancelled its contract with appellant; that appellant paid rentals on the machinery from June 3, 1945, to September 3, 1945, and likewise paid $315 for initial repairs on the machinery, returned the machinery to appellee and thus fully recognized and performed the terms of the agreement including the alterations until the terms of such had been fully consummated.

■ Under the rules of law hereinabove stated, and under the record, it appears to us that the evidence is amply sufficient to support the findings of the trial court. We, therefore, overrule appellant's points of error and the judgment of the trial court is affirmed.