Simon TERRAZAS, Appellant,

v.

R. T. CARROLL, Appellee.

No. 3131.

Court of Civil Appeals of Texas.

Eastland.

March 11, 1955.

Thomas, Thomas & Jones, Big Spring, for appellant.

J. Ray Martin, Snyder, for appellee.

COLLINGS, Justice.

This is an appeal from an order overruling a plea of privilege. R. T. Carroll brought suit in Scurry County, Texas, against Simon Terrazas, a resident of Howard County, Texas. Carroll alleged that on June 3, 1949, he, as lessor, "entered into an instrument of lease" with Henry G. Thornton and B. A. Harmon as lessees, thereby leasing a certain brick building in the City of Snyder for a rental of $200 per month; that thereafter Thornton and Harmon, as lessees, assigned and transferred their interests under the lease to Simon Terrazas, who assumed the lessees' obligations to plaintiff thereunder. It was further alleged that Terrazas paid rental on the property according to the terms of the lease throughout the month of December, 1953, but at all times thereafter failed to make such payments, although a term of six months of the lease was on such date unexpired. Judgment was sought against Terrazas for the $1,200 alleged to be due for the remaining six months of the lease, and for the sum of $200 alleged to be due because of damage to the building through alleged negligence, carelessness and lack of reasonably good care on the part of the said Terrazas.

Terrazas filed a plea of privilege to be sued in Howard County, the place of his domicile, and Carroll filed a controverting plea. Upon a hearing before the court, the plea of privilege was overruled. Simon Terrazas has appealed.

■ Appellee's controverting affidavit contains allegations that appellant became bound by a contract in writing to pay the rentals in question in Scurry County. Such allegations were not contained in his original petition. It is contended in appellant's first point that since appellee's original petition does not allege a contract in writing performable in Scurry County, venue cannot be sustained in that county under Subdivision 5 of Article 1995, Vernon's Texas Civil Statutes. We do not pass upon the question presented by this point because it has in our opinion been waived.

No exceptions were filed by appellant to appellee's pleadings nor was the question raised in the trial court in any manner pointing out the defect complained of. Rules 67 and 90, Vernon's Texas Rules of Civil Procedure; Dillingham v. Associated Employers' Lloyds, Tex.Civ.App., 233 S.W. 2d 191.

In appellant's second point it is urged that the evidence does not show an instrument in writing whereby appellant agreed to pay the rentals for such building in Scurry County. Appellee relies upon two instruments which he contends when considered together, show a contract in writing by Terrazas to pay the rent in Snyder, Scurry County, Texas. The first of these instruments is a written lease contract dated June 3, 1949 by which appellee Carroll leased the building to Thornton and Harmon for a period of five years. The lease contract expressly provided that the $200 monthly rentals were payable in Scurry County, Texas. The second instrument relied upon by appellee is a written contract between Carroll and Terrazas, dated November 9, 1949 which is as follows:

276

"That whereas, by agreement entered into by and between R. T. Carroll as lessor, and Henry G. Thornton and B. A. Harmon as lessees, which agreement was dated the —— day of June, 1949, and which is recorded in Vol. —— page —— Deed Records of Scurry County, Texas, the said R. T. Carroll did lease and demise unto said lessees the following described property, to-wit:

"Being situated in Snyder, Scurry County, Texas, and being one brick building 24′ x 90′, more or less, and being that building commonly designated as 2422 Avenue S, Snyder, Texas; for a term of five years beginning the 5th day of June, 1949 and ending the 4th day of June, 1954, paying therefor the sum of Twelve Thousand Dollars, payable in monthly installments of Two Hundred Dollars, such installments being payable on or before the 5th day of each succeeding month, in advance; and

"Whereas, the said Henry G. Thornton and B. A. Harmon have, by duly executed and recorded assignments, assigned all of their interests, titles and claims to said property unto Simon Terrazas, who is now the owner and holder of said lease; and

"Whereas, the said Simon Terrazas does now contemplate the improvement of said building hereinabove mentioned at his own cost and expense;

"Now, therefore, in consideration of the premises and One Dollar, cash in hand paid to R. T. Carroll by the said Simon Terrazas, the receipt of which is hereby acknowledged and confessed, the said R. T. Carroll does hereby ratify and affirm said lease unto the said Simon Terrazas; and it is further agreed between the parties hereto that the said Simon Terrazas shall have the option to renew the term granted in said lease of June ——, 1949, for a term of three years from the expiration date of said lease as set out therein upon the

same monthly rental as set out therein, and upon the same terms and conditions as therein described. However, the said Simon Terrazas shall notify the said R. T. Carroll of his election to exercise this option to renew said term, in writing, at least thirty days prior to the date set out in said lease for the expiration thereof."

It is provided by Subdivision 5 of the venue statute that:

"If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

In a suit upon a written contract which, by its express terms, is performable in a given county and the liability of the defendant is based upon the claim that the writng was executed by the defendant or upon his authority the venue question in a suit against the defendant in such county is whether the contract was signed or executed by the defendant or by some other person duly authorized by him. Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825; Lanford v. Lovett, Tex.Civ.App., 97 S.W.2d 982, petition overruled, Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593.

The above contract between Carroll and Terrazas was in writing and signed by Terrazas. There was, however, no express provision in the contract that Terrazas assumed any of the obligations of Thornton and Harmon under the lease. This contract did not contain a provision for payment of rent in Scurry County and made no reference to such provision in the lease. The contract does refer to the lease and to another instrument or instruments which were not introduced in evidence. The contract recites that the lessees have, "by duly executed and recorded assignments, assigned all of their interests, titles and claims to said property unto Simon Terrazas, who is now

the owner and holder of said lease." It further provides that Carroll "does hereby ratify and affirm said lease unto said Simon Terrazas." The instrument also granted Terrazas the option to renew and extend the term of the lease for a period of three years "upon the same monthly rental" and "upon the same terms and conditions" as set out in the original lease. It did not expressly agree therein to perform all the "terms and conditions" of the lease.

It is apparent that the facts of this case do not present the situation of an instrument in writing which by its terms is performable in a given county and where the sole venue question is the execution of the instrument by the defendant as an original party to the transaction. There is no question but that the lease contract between Carroll and Thornton and Harmon was in writing and that the lessees therein contracted to pay the rent in Scurry County, expressly naming such county. The venue fact which appellee had the burden to establish under the facts of this case was that Terrazas became bound by the obligations of the lease contract between Carroll and the original lessees to pay rents in Scurry County and thereby made such obligations his own. Harvey v. Bain, 140 Tex. 375, 168 S.W.2d 234.

**■** Where the whole estate of a tenant under a lease contract is assigned, the assignee, prima facie, is bound by the obligations and provisions of the lease. It is held in such cases that the assignment creates a privity of estate and contract between the original lessor and the assignee. Marathon Oil Co. v. Rone, Tex.Civ.App., 83 S.W. 2d 1028 (Writ Ref.); Davis v. Vidal, 105 Tex. 444, 151 S.W. 290, 42 L.R.A.,N.S., 1084; Le Gierse & Co. v. Green, 61 Tex. 128; Stark v. American Nat. Bank of Beaumont, Tex.Civ.App., 100 S.W.2d 208 (Writ Ref.); Marathon Oil Co. v. Lambert, Tex. Civ.App., 103 S.W.2d 176 (Writ Dis.). The assignment to Terrazas is not in evidence but there is no indication that it contained any provision inconsistent with the acquisition by Terrazas of all the rights and in-

terests of the original lessees together with the obligations imposed by the lease contract. The written contract between Carroll and Terrazas recited that all interests of the original lessees had been assigned to Terrazas and that he was the owner and holder of the lease, which Carroll ratified and affirmed unto him. The contract and the instrument or instruments referred to therein indicate an assignment of the lease to Terrazas. If by such instruments Terrazas became assignee, he also became liable for the obligations provided in the lease, including the payment of rent thereunder in Scurry County.

It is a well settled general rule that one who accepts the benefits of a contract must also assume its burdens. W. H. Putegnat Co. v. Fidelity & Deposit Co. of Maryland, Tex.Com.App., 29 S.W.2d 1004; Jackson v. Knight, Tex.Civ.App., 194 S.W. 844 (Writ Ref.). The evidence shows that Terrazas entered into possession of the premises as an assignee under the lease and accepted the benefits provided by the terms of the lease.

The written contract between Carroll and Terrazas and the instruments referred to therein which indicate an assignment of the lease to Terrazas, together with the fact that Terrazas entered into possession of the premises and accepted the benefits of the lease show, or at least support the implied finding of the trial court to the effect, that Terrazas adopted the lease contract as his own and thereby became bound by such writing and the obligations therein contained. One of these obligations was to pay the rent in Scurry County, Texas. This suit to enforce that obligation in writing was properly brought against appellant in Scurry County under the provisions of Subdivision 5. Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698; Campbell v. Cates, Tex.Civ.App., 51 S.W. 268; Harvey v. Bain, supra; Dansby v. Stroud, Tex.Civ.App., 48 S.W.2d 1018 (Err. Ref.); Waggoner v. Edwards, Tex.Civ. App., 68 S.W.2d 655; Haynes v. Gilsonite Const. Co., Tex.Civ.App., 298 S.W. 640; Mercer v. Knox, Tex.Civ.App., 193 S.W.2d

885; Port Iron & Supply Co. v. Casualty Underwriters, Tex.Civ.App., 118 S.W.2d 627; Taylor Const. Co. v. Clynch, Tex.Civ. App., 196 S.W.2d 700; Empire Gas & Fuel Co. v. State, 121 Tex. 138, 47 S.W.2d 265.

The judgment of the trial court is affirmed.