### S. W. SLAYDEN v. J. E. STONE.

Decided November 16, 1898.

**1. Contract—Writing—Signature.**

A writing prepared by one party, stating the terms and conditions of the agreement, submitted to and accepted, but not signed by the other party, becomes their contract as fully as though signed.

**2. Charge—Request for Instructions.**

Failure to submit to the jury the question whether a sum mentioned in the contract sued on was intended as a penalty or as liquidated damages, can not be complained of in the absence of a requested instruction thereon.

**3. Penalty—Liquidated Damages.**

See contract in which the sum specified as recoverable was held to have been properly found, under the circumstances, to be liquidated damages, and not a penalty.

APPEAL from McLennan. Tried below before Hon. MARSHALL SURRATT.

*M. C. H. Park* and *Dyer & Dyer,* for appellant.

*A. C. Prendergast,* for appellee.

FISHER, CHIEF JUSTICE.—Appellee's brief tersely states the issues presented in this case and the result thereof, as follows:

"Stone sued Slayden for a balance of $1668.51 and interest, alleged to be due upon a contract made and entered into between one N. B. Sligh and said Slayden, and assigned by Sligh to Stone, in terms and upon the following circumstances:

"That in the year 1894 Slayden owned the Hotel Palmo property in Waco, Texas, and was anxious and desirous of selling it; and with that end in view and for that purpose desired to get someone to run and operate the hotel in order to build up the business thereof, thereby making it more desirable and profitable as a hotel, so as to be an inducement to some purchaser to buy it.

"That during the fall of 1894 said Slayden began negotiations with said Sligh, who was a hotel man with considerable experience, and then engaged in the hotel business in Dallas, to induce him to take charge of

the said hotel and so conduct it. That after negotiations pending between them for some time, about December 1, 1894, they made a contract which is fully set out in plaintiff's pleadings.

"The material point of said contract in dispute in this case was that said Sligh was to take charge of and run said hotel and conduct the business thereof without charge for his services and that of his wife except a guarantee by said Slayden to said Sligh of the sum of $50 per month, and that no rent was to be charged said Sligh for the hotel, and the net profits were to be divided between them, as set out in said petition, which contract was to run for a year, but that Slayden was to have the right to sell said property at any time within said year, and in case he did so, was to pay said Sligh $2000, unless said Sligh could make a suitable arrangement with the purchaser.

"Stone alleged the full performance of this contract by Sligh, and that Slayden within said year sold said property, delivered the possession to the purchaser, and that Sligh could not and did not make a suitable deal with the purchaser, whereby Slayden became liable under said contract to pay said Sligh said $2000, which he had not done, except a small portion thereof.

"Slayden denied making any such contract with Sligh. He also pleaded the statute of frauds, which he abandons, and pleads that the $2000 was a penalty, and that Sligh had sustained no damages and could not recover a penalty.

"There was a trial before a jury and verdict and judgment for Stone for the amount sued for, with interest."

We find the facts substantially as stated by the plaintiff in his petition, and that they are sufficient to authorize the verdict in favor of the appellee.

The appellant's second assignment of error is as follows: "The court erred in admitting as testimony the writing offered by plaintiff, which is not dated, but written on Pacific Hotel paper, and is signed by N. B. Sligh only. This does not meet the allegations of the plaintiff's petition as to the defendant's liability upon the contract declared upon, and is not binding upon plaintiff."

The instrument here objected to was a written proposition made and signed by Sligh, stating in effect the terms and conditions of the contract set out by plaintiff in his petition. The evidence shows that this written instrument was submitted to Slayden and he accepted its terms and conditions. It is true that he did not sign it, but when he accepted its terms he became a party to the instrument as effectually as if he had signed it. Martin v. Roberts, 57 Texas, 564-568; Grove v. Hodges, 55 Pa. St., 515. There was no variance between the averments and the proof upon this subject.

Appellant's fourth assignment of error is as follows: "The court erred in not submitting to the jury the issue as made by defendant's answer,

that the stipulation in the contract declared on by the plaintiff was a penalty and not liquidated damages, and in failing to give any charge upon this subject."

The court did leave it to the jury to determine whether such a contract was made as alleged by the plaintiff and whether Sligh was bound thereon. There is no complaint made of this charge, but the objection is that the court failed to submit to the jury any question whether the stipulation in the contract provided for a penalty instead of liquidated damages. No charge of this kind was requested by the appellant, and if he had desired this issue presented he should have requested a proper charge upon that subject. The failure of the court to give the charge upon the subject was not reversible error. If the court had attempted to give a charge upon the question, and had incorrectly stated the law applicable to that issue, it would have been reversible error; but the failure to give the charge upon that subject is an act of omission, which only becomes reversible error upon refusal to give a charge properly framed requesting the submission of the issue.

We think the evidence clearly justifies the verdict of the jury upon the ground that the intention of the parties was to treat the sum mentioned in the contract as liquidated damages. Slayden became bound for this sum in the event that Sligh failed to make a suitable deal with the purchaser to whom Slayden might sell the hotel property. The testimony shows that Sligh failed to make an arrangement with the purchaser to continue the occupancy of the hotel; and in response to the third proposition under the fifth assignment of error, it is sufficient to say that the evidence of Sligh shows that the contract for the occupancy of the hotel was not finally entered into until the time he took possession in December; and the sale made by Slayden of the hotel property was within less than a year from that time.

We find no error in the record, and the judgment is affirmed.

<em>Affirmed.</em>

Writ of error refused.