SAMWORTH v. HUDSON.　(No. 1260.)

(Court of Civil Appeals of Texas. El Paso. Nov. 10, 1921.)

1. **Vendor and purchaser ⊗⇒21—Instrument in form of receipt held a contract.**

Instrument in the form of a receipt, signed by vendor and purchaser on payment of a portion of the purchase price, containing the terms upon which the property was to be sold, *held* a contract.

2. **Brokers ⊗⇒54—Entitled to compensation on producing purchaser ready, able, and willing to purchase on prescribed terms.**

A broker is entitled to his compensation when he produces a purchaser who is ready, able, and willing to purchase on the terms prescribed by his principal.

3. **Brokers ⊗⇒84(2)—Have burden of showing purchaser's willingness and ability to comply with owner's offer.**

Real estate broker suing to recover compensation has burden of showing the readiness, willingness, and ability of procured purchaser to comply with offer of his principal.

4. **Brokers ⊗⇒86(5)—Evidence insufficient to prove husband ready and willing to join with wife in purchase on terms of contract.**

In broker's action for compensation for negotiating contract, naming husband and wife as purchasers, but signed by wife alone, wife's testimony that she was ready to go ahead and complete the deal and had made arrangements to so do when vendor called the deal off *held* insufficient to show that the husband was ready and willing to join with her in the purchase of the property on the terms stated in the contract.

5. **Brokers ⊗⇒54—Commission not recoverable unless husband ready, able, and willing to purchase on terms contained in joint contract with wife.**

Real estate broker having negotiated the execution of contract showing on its face that land was being purchased by a husband and wife jointly, but which was signed by wife alone, could not recover compensation unless the husband is ready, able, and willing to purchase the land on the terms contained in such contract.

6. **Evidence ⊗⇒397(1)—Written contract cannot be varied by parol testimony.**

A written contract which is sufficient to speak for itself cannot be varied by parol testimony.

7. **Trial ⊗⇒350(2)—Requested special issue submitting question of law properly refused.**

Requested special issue submitting a question of law instead of fact was properly refused.

---

⊗⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error from District Court, El Paso County; P. R. Price, Judge.

Action by J. S. Hudson against A. T. Samworth. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

W. M. Coldwell and Jos. U. Sweeney, both of El Paso, for plaintiff in error.

Jones, Jones, Hardie & Grambling, of El Paso, for defendant in error.

HIGGINS, J. The defendant in error, Hudson, recovered a judgment for $1,000 against the plaintiff in error, Samworth, from which the latter appeals.

The material facts are as follows: Hudson was a real estate broker doing business under the name of Hudson-Lacey Realty Company. Samworth listed certain property with him for sale. Hudson was authorized to negotiate a sale for the sum of $16,000 net to Samworth. Hudson interested Mrs. W. W. Marshall, a married woman, in the purchase of the property, and after considerable negotiation she agreed to buy the same for $17,000. The difference between the agreed purchase price and the listed price represented Hudson's commission. The negotiations with Mrs. Marshall were oral, and when she agreed to purchase an earnest money receipt in duplicate was prepared by Hudson and submitted to Samworth, who signed the same. Hudson then presented the receipt to Mrs. Marshall, who paid to him $3,000 of her separate estate as earnest money and indorsed her acceptance upon the same. Hudson also signed the instrument. The receipt reads as follows:

"Earnest Money Receipt.

"$3,000.00. Received from Mr. and Mrs. W. W. Marshall the sum of three thousand ($3,000.00) dollars earnest money, and part payment to close sale to them of the following described property situated in El Paso county, Texas, and known and described as: Worth Apartments, located at 1417 North Kansas street, El Paso, Texas, a 2-story and basement, 4-apartment house, and all other improvements on the ground, size of grounds being 39x122 feet—at a total sum of seventeen thousand ($17,000.00) dollars; terms eight thousand ($8,000.00) dollars cash on delivery of deed; balance as follows: The assumption of the present mortgage of $3,950.00, payable as follows: $500.00 August 12, 1920; $500.00 February 12, 1921; $2,950.00 August 12, 1921. And a second lien mortgage of $5,050.00 payable as follows: $1,000.00 one year from date; $1,000.00 two years from date; $1,000.00 three years from date; $1,000.00 four years from date; and $1,050.00 five years from date. All interest at 8% per annum, payable semiannually; the second mortgage notes for $5,050.00 to be made payable 'on or before.'

"Insurance and interest to be prorated. Property to be kept fully insured by buyer.

Deed to be made to Mr. and Mrs. W. W. Marshall, or to such party as they may designate.

Possession to be given on or before June 1, 1920, to Mrs. W. W. Marshall.

All taxes to and including the year 1919 to be paid by the seller; 1920 taxes prorated.

Deed to be general warranty, and deferred payments to be secured by usual form of deed of trust lien and vendor's lien on said property.

Seller is to give good title and furnish an abstract of title to date of transfer, or at his option, a guaranty title certificate is usual form.

"Witness our hands at El Paso, Texas, this 26th day of April A. D. 1920. [Signed] A. T. Samworth, Owner, by Hudson-Lacey Realty Company, Agent. [Signed] J. S. Hudson.

"I accept above contract:

"[Signed] Mrs. W. W. Marshall, Purchaser."

Subsequently Samworth told Mrs. Marshall that the deal was off and in effect notified her that he would not consummate the sale to which she assented. Hudson then notified Samworth that he would hold him liable for his commission of $1,000. Samworth thereupon agreed to carry out his contract to sell, and so notified Mrs. Marshall, but she then refused to consummate the purchase. Thereafter Mr. and Mrs. Marshall sued Samworth and Hudson to recover back the $3,000 which Hudson had retained and refused to return to her. By cross-action Hudson sought to recover of Samworth his commission of $1,000. Upon the trial Mrs. Marshall's money was returned to her, and the Marshalls dismissed their suit. Upon Hudson's cross-action against Samworth he obtained a verdict and judgment.

Opinion

[1] The instrument signed by Samworth, though in the form of a receipt, was a contract between the parties expressing in writing the terms upon which the minds of the parties met. Brackenridge v. Claridge & Payne, 91 Tex. 527, 44 S. W. 819, 43 L. R. A. 593. Upon its face it discloses that the purchasers were Mr. and Mrs. W. W. Marshall. They were the ones to whom the property was to be conveyed, and they were jointly obligated to assume the payment of the outstanding mortgage and deferred purchase-money notes.

[2] Under the third and fourth assignments the point is made that the evidence is insufficient to support the verdict and judgment because there is no evidence that Mr. Marshall was ready and willing to consummate the contract. We understand the rule to be that a broker is entitled to his compensation when he produces a purchaser who is ready, able, and willing to purchase upon the terms prescribed by his principal.

[3] In an action by the broker to recover his compensation the burden is upon him to show the readiness, willingness, and ability of the proposed purchaser to comply with the offer of his principal.

[4-6] It appears from the evidence that Hudson's negotiations were with Mrs. Mar-

shall, and she testified that up until the time Samworth called the trade off she was ready to go ahead and complete the deal and had made arrangements so that she could. This sufficiently shows readiness, willingness, and ability to make the required cash payment. Mr. Marshall did not testify, and in our opinion the indicated testimony of Mrs. Marshall is wholly insufficient to establish that her husband was ready and willing to join with her in the assumption of an outstanding mortgage of $3,950 and give additional purchase-money notes of $5,050, as the contract required. The contract speaks for itself, is not subject to be varied by parol, and upon its face it shows that the husband and wife were the purchasers, and that the purchasers' obligations were to be jointly assumed by them. And the assumption by Mr. Marshall was very important in view of Mrs. Marshall's status as a married woman. Because the evidence wholly fails to show that Mr. Marshall was ready and willing to join in the assumption of the outstanding mortgage and execution of the notes for the deferred payments, the judgment must be reversed.

The petition is perhaps not subject to demurrer as complained of in the first assignment, but what has been said above indicates our view as to the necessary allegations. By amendment any possible defect in the particular complained of may be cured.

[7] The second assignment complains of the refusal of a requested special issue. Its refusal was proper because it submitted a question of law instead of fact.

The judgment dismissing the suit of Mr. and Mrs. W. W. Marshall is affirmed.

In all other respects the judgment of the court below is reversed and remanded.