## SALISBURY v. TAYLOR.    (No. 7221.)

Court of Civil Appeals of Texas. · Austin.
April 18, 1928.

Rehearing Denied May 2, 1928.

1. **Venue ⚫⇒7—Defendant's written bid to construct skylight and plaintiff's oral acceptance and acting thereon constituted "contract in writing," within venue statute (Rev. St. 1925, art. 1995, subd. 5).**

Defendant's written bid to construct skylight in accordance with written plans and specifications and plaintiff's oral acceptance thereof and acting thereon constituted "contract in writing" to be performed in county of suit, within purview and meaning of Rev. St. 1925, art. 1995, subd. 5, providing that, if person has contracted in writing to perform an obligation in particular county, suit may be brought either in said county or where defendant has his domicile.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Written Contract or Agreement.]

2. **Pleading ⚫⇒111—Whether plaintiff's subsequent conduct excused defendant's performing written contract was question going to merits, not triable on plea of privilege hearing.**

Question whether plaintiff's conduct subsequent to his accepting and acting on defendant's written bid, in insisting upon a formal contract on bid, interfered with and excused defendant from performing his written contract, as evidenced by his bid, plans, and specifications, and plaintiff's unconditional acceptance thereof, was question going to merits of case and was not triable on plea of privilege hearing.

3. **Pleading ⚫⇒111—Questions whether defendant's bid was accepted within reasonable time and whether plaintiff sought to ingraft new conditions went to merits and were not determinable on hearing on plea of privilege.**

Questions whether defendant's bid was accepted within reasonable time and whether after plaintiff accepted proposal plaintiff sought to ingraft new conditions on contract went to merits of suit and were not determinable on hearing on plea of privilege.

4. **Venue ⚫⇒7—Plaintiff is entitled to invoke venue that accords with allegations in petition (Rev. St. 1925, art. 1995, subd. 5).**

Plaintiff bringing action in good faith is entitled to invoke venue, under Rev. St. 1925, art. 1995, subd. 5, that accords with allegations in petition, regardless of possibility that venue may fail with suit upon plaintiff's failure to maintain merits of suit.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by James T. Taylor against A. Salisbury, in which defendant filed a plea of privilege. From an order overruling his plea of privilege, defendant appeals. Affirmed.

M. S. Hallam, of San Antonio, for appellant.

Bryan, Stone, Wade & Agerton, of Fort Worth, and W. A. Keeling, of Austin, for appellee.

BLAIR, J. This appeal is from an order overruling the plea of privilege of appellant to be sued in Bexar county, the place of his domicile. Appellee controverted the plea and sought, and on a hearing of the issue maintained, venue in Travis county, under provision of subdivision 5 of article 1995, R. S. 1925, which reads as follows:

"If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

Appellee alleged, in substance, both in his petition and his controverting affidavit or answer to appellant's plea of privilege, that he was a general contractor, and had obtained the contract for the erection of the University power plant at Austin, and that before putting in his bid he had obtained the written bid of appellant for the glass skylight construction on that building for $2,508, according to certain plans and specifications, the written bid, plans, and specifications being shown in the petition and the controverting plea; that he accepted appellant's bid, but that appellant refused to construct the skylight; that after such refusal appellee entered into a contract with the American 3-Way Prism Company to construct said skylight for $5,200, which was the lowest and best bid he could obtain, and appellee sued for the sum of $2,692 as damages, being the difference between the contract price he was compelled to pay for the glass skylight construction and the amount of appellant's bid for said construction.

[1] Appellant predicates his appeal upon five propositions, all of which are overruled. Only one of them merits discussion. That is, whether the written bid of appellant to construct the skylight in accordance with the written plans and specifications pleaded and the oral acceptance thereof and the acting thereon by appellee constitute a contract in writing to be performed in Travis county, within the purview and meaning of subdivision 5 of the venue statute above quoted. The written bid reads as follows:

"I propose to furnish and install American 3-Way Luxfer 14# glass skylight construction on the power plant at Austin, Tex., according to plans and specifications of H. M. Greene, for the sum of $2,508."

The plans and specifications referred to in the bid are in words and figures as follows:

"All skylights shown on plans shall be of the reinforced concrete type known as 3-Way ar-

mored wired glass construction as manufactured by the American 3-Way Luxfer Prism Company.

"Concrete shall consist of re-ground cement and clean sharp aggregate. Reinforcing to be of twisted rods both ways at right angles, spaced 9⅝ inch centers in strict accord with manufacturer's details.

"Glass shall be standard one-half inch wired glass, cut into squares of 8¼ inch, set and caulked with tar and sulphur compound into tight galvanized cast-iron shields which are embodied in the concrete.

"Glass for replacement to be supplied free for a period of five years.

"All points between and around slabs to be caulked with 3-Way tytelite caulking compound."

Appellee testified that immediately upon his being awarded the general contract he notified appellant by telephone that his bid had been accepted, the telephone conversation being that appellee simply told appellant his bid had been accepted; that he acted upon the bid in making his bid for the general construction; and that the bid and the plans and specifications referred to embodied all the terms of the contract for the construction of the skylight. We think these written instruments offered in evidence, embodying all the terms of the contract between the parties, and which were orally accepted and acted upon by appellee, constitute a written contract to be performed in Travis county, within the meaning of a contract in writing, and within the purview and meaning of the venue statute involved.

The case of Martin v. Roberts, 57 Tex. 564, presents an analogous state of facts to the case at bar, and is decisive of the question under discussion. There the trustees of a school advertised for bids for the mechanical work, giving full description of the building and terms of the contract; the plaintiff's bid was the lowest and best and was orally accepted by the trustees, an instrument embodying the above facts was signed by the bidders, but was not by the trustees. It was there held that the above-mentioned written instrument constituted a contract in writing. We quote the following from that opinion:

"A written contract is said to be one which in all its terms is in writing. Bishop on Contracts, § 57. It is also said to have been held 'that a writing orally assented to by the parties may constitute a contract between them; as if one signs and the other orally accepts, both will be bound.' Id. § 167, and authorities cited. In Grove v. Hodges, Justice Strong says: 'It is assuredly plain law that if a party, who has not put his name to a written contract, accepts it when signed by the other party, it binds him the same as if he had signed it.' 55 Pa. 515. Again, speaking of the principle that contracts must be mutual, he says it does not 'mean that where a contract is written each party must sign it.' Id. 516. Justice Strong was speaking of a case

in which a party held under a deed reciting things to be done by him."

See, also, Slayden v. Stone, 19 Tex. Civ. App. 618, 47 S. W. 748.

[2] It is true that subsequent to his accepting and acting upon appellant's written bid, appellee requested appellant to enter into a formal written contract on the bid, he (appellee) contending that it was the custom to reduce such a bid to formal written contract embodying the exact provisions and terms of the bid. However, the undisputed evidence is that no agreement was ever made to reduce the bid to formal written contract, and appellant contends, both by pleading and proof, that the only contract or relationship existing was that evidenced by the bid, the plans and specifications, and the oral acceptance by appellee of his bid. But appellee did not sue only for a breach of contract or custom to enter into a formal written contract on the bid, but also sued for damages for a breach of contract by appellant to construct the skylight in accordance with his written bid and the plans and specifications as accepted and acted upon by appellee. Such being the record, the trial court necessarily disregarded the portion of the pleadings seeking damages for breach of contract or custom to enter into written contract on the bid as mere surplusage. Otherwise it would have construed the negotiations between the parties as incomplete until the formal written contract was signed. So under that state of the record and circumstance, the question of whether appellee's conduct subsequent to his accepting and acting on the written bid, in insisting upon a formal contract on the said bid, interfered with and excused appellant from performing his written contract, as evidenced by his bid, the plans, and specifications, and appellee's unconditional acceptance thereof, was a question going to the merits of the case and was not triable on the plea of privilege hearing.

[3, 4] With the exception of proposition 1, which raises the question of the insufficiency of the controverting affidavit, and which is not sustained, the remaining propositions raise questions which go to the merits of the suit, and are not determinable on the plea of privilege hearing. That is, they raise the questions of whether appellant's proposal was accepted within a reasonable time, or whether after appellee accepted the proposal he sought to ingraft new conditions upon the contract, etc.; all of which go to the merits of the suit and are not determinable on a hearing on the plea of privilege. Or, as is held in the case of Diamond Mill Co. v. Adams-Childers Co. (Tex. Civ. App.) 217 S. W. 176, under this statute the plaintiff, bringing action in good faith, is entitled to invoke the venue that accords with the al-

legations in its petition, regardless of the possibility that venue may fail with the suit upon plaintiff's failure to maintain the merits of the suit.

The trial court's judgment is affirmed in all things.

Affirmed.