## PAHL v. HANSEN. (No. 7216.)

Court of Civil Appeals of Texas. Austin.
April 25, 1928.

1. Brokers ⚚63(1)—Broker is entitled to commission on producing ready, willing, and able purchaser on principal's terms, where failure to sell was principal's fault.

When a broker produces a purchaser who is ready, willing, and able to purchase the property on the principal's terms, and no sale be effected, the broker is entitled to his commission, provided the failure resulted from fault of principal.

2. Appeal and error ⚚1010(1)—Court of Civil Appeals was required to affirm judgment, on undisputed evidence, that broker's failure to sell realty to purchaser produced was principal's fault.

On appeal, Court of Civil Appeals was required to affirm trial court's judgment, based on undisputed evidence, that broker's failure to sell realty to purchaser produced was principal's fault.

3. Brokers ⚚49(3)—That purchaser agreed to buy on terms offered or terms he suggested did not alter fact broker produced purchaser on vendor's terms.

That purchaser agreed to buy on the terms which the vendor offered or on terms suggested by purchaser himself did not alter fact of broker's having produced purchaser on vendor's terms, so as to entitle broker to commission.

4. Brokers ⚚54—Realty broker held entitled to commission, where he did all contract required in producing ready, willing, and able purchaser.

Real estate broker for vendor *held* entitled to commission, where contract provided that vendor agreed to execute a warranty deed and a good and sufficient title to purchaser, furnished by broker, who was able and willing to buy according to terms of the contract, where broker procured a purchaser ready, willing, and able to purchase according to terms of contract, but vendor refused, without reason or justification, to sell.

5. Specific performance ⚚25—Written listing contract with broker, orally accepted and acted on by purchaser and accepted by letter, constituted specifically enforceable contract to buy lands.

Written listing contract with real estate broker, embodying all the terms and conditions which any purchaser would have to comply with in order to buy the lands, and which were orally accepted and acted on by the purchaser, and also accepted in writing by a letter written, on purchaser's authority, to vendor, constituted a written contract to buy the lands, and was capable of being specifically enforced.

Appeal from District Court, Gillespie County; A. W. Cunningham, Judge.

Suit by E. C. Hansen against Lonea Pahl. Judgment for plaintiff, and defendant appeals. Affirmed.

Max Blum and H. H. Sagebiel, both of Fredericksburg, for appellant.

Alfred P. C. Petsch, both of Fredericksburg, for appellee.

BLAIR, J. Appellees sued appellant to recover a real estate broker's commission of $1,000. He alleged that by a written listing contract appellant authorized him to sell a certain 550-acre tract of land for $20,000, of which $7,000 was to be paid in cash, and the remaining $13,000 to be evidenced by purchaser's note, due ten years after date and bearing 6½ per cent. interest; that the written listing contract also provided that in the event of a sale appellee was to receive 5 per cent. commission on the sale price of the land; and that appellee procured a purchaser ready, able, and willing to buy the land at the price and under terms mentioned, but that appellant refused to make a deed to purchaser and to consummate the sale as he had agreed and contracted to do. Appellant answered by general demurrer and general denial. On a trial to the court without a jury, judgment was rendered for appellee for $1,000, from which judgment appellant has perfected this appeal.

[1, 2] Appellee offered the evidence of himself and the proposed purchaser, which sustained the above material allegations of his petition, and the trial court correctly rendered judgment for him. It is well-settled law that:

"When a broker produces a purchaser who is ready, willing, and able to purchase the property upon the principal's terms, and no sale be

⚚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

effected, the broker is entitled to his commission, provided the failure resulted from the fault of the principal." 4 R. C. L. 307–308; 9 C. J. 596; Smye v. Groesbeck (Tex. Civ. App.) 73 S. W. 972; Brigham v. Cason (Tex. Civ. App.) 233 S. W. 530; Samworth v. Hudson (Tex. Civ. App.) 234 S. W. 423; Tate v. Morris (Tex. Civ. App.) 248 S. W. 797; Hamburger & Dreyling v. Thomas, 103 Tex. 280, 126 S. W. 561; Stone & Co. v. Davis & Moore (Tex. Civ. App.) 175 S. W. 772; Slade & Bassett v. Crum (Tex. Civ. App.) 193· S. W. 723.

In this case appellant offered no evidence, and the court found upon the uncontroverted evidence that:

"The sale of the premises was not effected by the plaintiff (appellee) for and only because defendant (appellant) refused to execute a deed for the premises."

Therefore the trial court's judgment must be affirmed.

[3] Appellant raises several questions with reference to a written contract or proposal of the proffered purchaser to buy the lands listed with appellee, but neither issue or question presents any merit or defense to the cause of action asserted. Among the questions raised are: (a) That the written contract or proposal of the purchaser was a mere option to purchase the lands in question; (b) and that it materially varied the terms of the written listing contract to sell the land. Neither contention is sustained. The evidence is undisputed that, while the written proposal of the purchaser varied the terms of the listing contract, in that by it purchaser agreed to assume a federal land bank loan on the lands and to execute his note for the balance of the $13,000, which under the listing contract was to have been evidenced by one note to appellant, still the evidence is undisputed that the purchaser also agreed to purchase in accordance with the terms of the listing contract, leaving it optional with appellant which he would accept. The purpose of the written proposal to purchase was to meet a possible situation created after the listing contract by appellant obtaining a federal bank loan on the lands. However, appellee did not rely upon the written proposal or offer of purchaser to buy the lands in accordance with its terms for recovery herein, but relied solely upon the unconditional acceptance and offer of the proffered purchaser to buy the lands in accordance with the terms of appellant's written listing contract, and the written proposal or offer of purchaser was merely offered in evidence for the purpose of showing all negotiations conducted by appellee with reference to the sale of the lands and appellant's refusal to carry out his written listing contract with appellee. And the evidence is undisputed that at the time the written proposal of the purchaser to buy was presented appellant was also informed in writing that purchaser was ready, willing, and able to purchase the lands in accordance with the written listing contract. Appellant rejected both proposals. He rejected the latter proposal without reason, excuse, or justification, and is therefore liable for the commission he contracted to pay.

[4] Nor is there any merit to the contention that, before appellee was entitled to his commission, it was incumbent upon him to obtain from the proposed purchaser a written contract to buy the land capable of being specifically performed in law. By his written listing contract appellant contracted as follows:

"I agree to execute a warranty deed and a good and sufficient title to the purchaser furnished by the aforesaid E. C. Hansen (appellee), able and willing to buy according to the aforesaid terms. * * *"

So under the undisputed evidence appellee did all the contract of employment required of him to do; that is, he furnished a purchaser ready, willing, and able to buy the land according to the terms of the listing contract.

[5] But if the contention be correct, which we do not concede, that appellee was entitled to his commission only upon obtaining from the proffered purchaser a contract in writing to buy the lands, capable of being specifically enforced, we think the written listing contract, embodying all the terms and conditions which any purchaser would have to comply with in order to buy the lands, and which were orally accepted and acted upon by purchaser, and also accepted in writing by a letter written upon purchaser's authority to appellant, constituted a written contract to buy the lands, and was capable of being specifically performed under the following authorities. Martin v. Roberts, 57 Tex. 564; Slayden v. Stone, 19 Tex. Civ. App. 618, 47 S. W. 748.

Neither of appellant's propositions upon which he predicates his appeal is sustained, and the trial court's judgment is affirmed in all things.

Affirmed.